**JAMES EDWARDS, et al., v. JOHN O. EVANS CONSTRUCTION COMPANY, a corporation organized and existing under the laws of the State of Florida.**

19 So. (2nd) 799                              June Term, 1944
November 28, 1944                             Division A
Rehearing denied December 20, 1944

*Dewell & Dewell* and *Robert J. Dewell,* for appellants.
*Harry E. King,* for appellee.

PER CURIAM:

On April 29, 1941, James Edwards, as owner, and John O. Evans Construction Co., as contractor, signed a contract for the construction of a dwelling. Pertinent provisions of the contract are viz: (1) the work was to be completed within ninety days; (2) the costs thereof was fixed at $8,300.00; (3) the drawings and specifications of the building previously agreed upon between the parties by appropriate language were made a part of the contract. Some work was done under the contract, resulting in a near completion of the building, when friction arose between the parties and the owner taking over and finishing the building.

Suit was brought for an accounting, when the contractor, by answer, sought a builder's lien on the property for materials and labor by him expended on the building for the owner. Considerable testimony was offered by the respective parties. The owner contended that the contractor abandoned the contract and it became his lawful duty to take over the unfinished work and complete it. The contractor contended that he did not abandon the building, but the conduct and attitude of the owner was such that rendered it impossible for him to complete the building.

The lower court by appropriate order referred the cause to a special master, with directions to take all the testimony and report the same, and the controversy was heard in the lower court on this report. We have carefully studied and considered all the evidence in the record and the briefs of counsel, and able oral argument has been heard at the bar of this Court. We find ample testimony in the record to support the findings and conclusions of the chancellor below. We hardly feel justified in holding as a matter of law that the contractor abandoned the construction work. The heavy investment by the owner in the property necessitated his immediate taking over and completion of the project. Evidence of wrong doing on the part of both parties appears in the record. It is for this reason that the interest on the $2,500.83 should be disallowed and the costs of this appeal equally divided between the parties.

The decree appealed from is modified so as to exclude interest and as modified is hereby affirmed. Costs of the appeal is assessed equally in amount against the parties.

It is so ordered.

BUFORD, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.