CARROLL, Judge.
This is an appeal by the plaintiffs below from an order transferring a suit for declaratory judgment under Chapter 87, Fla.Stat., F.S.A., from equity to law. In claiming error the appellant appears to proceed on the theory that cases for declaratory judgment under Chapter 87 are to be filed on the equity side of the circuit court rather than the law side. We do not agree.
In City of Miami v. Miami Transit Company, Fla.App. 1957, 96 So.2d 799, 801, it was said:
“Where the subject matter is of a kind considered acceptable to equity jurisdiction, a complaint or petition for declaratory decree, under Chapter 87, F.S.A., can and should be filed on the equity side of the court. That is shown clearly enough by the wording of the act.”
That holding in the Miami Transit Company case was followed in the case of Coast Cities Coaches, Inc., v. Whyte, Fla.App. 1958, 102 So.2d 848, 851, saying: “[A] suit for declaratory decree may be filed either in equity or at law, and that the choice should depend upon the subject matter in determining whether it is cognizable in equity or at law.” And in Caballero, Herdegen & Knight, Inc. v. Threlkeld, Fla. App.1962, 142 So.2d 124, 125, in footnote No. 3, it was said: “It is apparent that plaintiff has filed his complaint on the wrong side of the court. A suit for declaratory relief may be filed either in equity or at law, and that choice should depend upon the subject matter in determining whether it is cognizable in equity or at law. City of Miami v. Miami Transit Company, Fla.App.1957, 96 So.2d 799, 801. Coast Cities Coaches, Inc. v. Whyte, Fla.App. 1958, 102 So.2d 848, 851.”
 Thus, whether a suit for declaratory decree or judgment shall be filed in equity or at law depends on the subject matter. If the suit involves a matter cognizable in equity, the equity side should be used for declaratory decree, and if the matter involved is within the province of law rather than equity, it should be filed on the law side of the court. For example, when Chapter 87 is resorted to for a determination of the rights of the parties under a contract as to the existence or not of a basis for equitable relief, such as rescission or cancellation of an instrument, or specific performance, or which concerns other equitable rights or their enforcement, the cause should be filed in equity. *454 Likewise, where resort to Chapter 87 is for construction of an instrument or determination of rights with reference to a legal claim, with ultimate or intermediate equity relief not involved, the cause should be filed on the law side of the court. The present case is in the latter category, calling for interpretation of a contract and determination of the rights of the parties, in view of certain exigencies encountered in a construction contract, as bearing on amounts to be paid or which would be recoverable thereunder. Therefore, the trial court was eminently correct in ordering transfer to the law side.
Affirmed.