280 So.2d 28 (1973)
FOXBILT ELECTRIC, INC., a Florida Corporation, Appellant,
v.
Arthur BELEFANT and Rita Belefant, His Wife, Appellees.
No. 72-1007.
District Court of Appeal of Florida, Fourth District.
June 29, 1973.
*29 William E. Weller, of Rose & Weller, Cocoa Beach, for appellant.
Howard Warren, Cocoa Beach, for appellees.
PER CURIAM.
The court below entered a judgment for the plaintiff who sought foreclosure of a mechanic's lien. By their counterclaim defendants asked for damages, due to their dissatisfaction with the work. The judgment was for a lesser amount than plaintiff claimed, because of deductions by the lower court from the amount claimed, but an award was made to the defendant as attorney's fees; no judgment was entered on the counterclaim.
The point on appeal is whether there was error in the award of attorney's fees in view of the statute, F.S. § 713.29, F.S.A., providing for a reasonable fee for the prevailing party.
Similar circumstances existed in the case of Sharpe v. Ceco Corporation, Fla.App. 1970, 242 So.2d 464, and that case controls here. It was error to award attorney's fees to defendant's counsel and likewise error to deny attorney's fees to counsel for plaintiff, the prevailing party.
Plaintiff's motion for attorney's fees for services in connection with this appeal is granted. Although the cases of John T. Wood Homes, Inc. v. Air Control Products, Inc., Fla.App. 1965, 177 So.2d 709, and Babe's Plumbing, Inc. v. Maier, Fla.App. 1966, 194 So.2d 666, deny the award of attorney's fees in mechanic's lien foreclosures for services on appeal, both reasoning that the statute does not provide for fees to an appellee for defending an appeal, the language of § 713.29 does not distinguish between trial and appellate attorney fees; fees are not limited to the lower court. To make such a distinction would defeat the apparent intended purpose of the statute to make the prevailing party whole. In Emery v. International Glass & Mfg., Inc., Fla.App. 1971, 249 So.2d 496, in discussing the purpose of the mechanic's lien law it was said, "The entire statute [Ch. 713, F.S. 1969] is essentially for the benefit of a claimant, not a defendant; and the section providing for attorneys' fees is primarily calculated to preclude any diminution of the claimant's full compensation for which he is suing while, at the same time, discouraging specious claims or defenses." And in Empress Homes, Inc. v. Levin, Fla., Fla.App. 1967, 201 So.2d 475, the mortgage therein considered contained a provision substantially that the mortgagor would pay to the mortgagee all costs including reasonable attorneys' fees which the mortgagee might incur in collecting any sums secured whether by foreclosure or otherwise. In finding one of the issues to be whether a contractual provision for attorneys' fees contained in a mortgage included an allowance for legal services rendered upon appellate review, the court commented that, "Not only would denial of attorney's fees on appeal be contrary to the intention of the parties to the note and mortgage, but denial would defeat the very purpose of such a provision," and granted appellees' motion for attorney's fees on appeal.
That portion of the final judgment which awarded attorney's fees to defendant *30 is reversed and this cause is remanded for the entry of an award of attorney's fees to plaintiff's counsel for services at the trial level and for services on this appeal.
Reversed, in part, and remanded.
WALDEN and OWEN, JJ., and WARREN, LAMAR, Associate Judge, concur.