313 So.2d 450 (1975)
R. F. DRIGGERS CONSTRUCTION COMPANY, Appellant,
v.
Gloria P. BAGLI and Guy V. Bagli, Appellees.
No. 74-1136.
District Court of Appeal of Florida, Second District.
June 4, 1975.
Rehearing Denied June 25, 1975.
*451 Peter J.T. Taylor of Putney, Taylor & Hampton, Tampa, for appellant.
Charles E. Bergmann of Yado, Keel, Nelson & Casper, Tampa, and David A. Maney of Gordon & Maney, Tampa, for appellees.
GRIMES, Judge.
Appellant complains of the denial of attorneys' fees and costs despite its successful prosecution of a mechanic's lien foreclosure. Appellees attack the judgment of foreclosure on cross-appeal by contending that appellant failed to furnish the affidavit required by Fla. Stat. § 713.06(3)(d)1. The trial court held that the appellant had complied with the statute, and the record is sufficient to support this conclusion. Even though appellant sought to recover more than the amount of its judgment, appellant was still entitled to attorneys' fees as the "prevailing party" under Fla. Stat. § 713.29. Foxbilt Electric, Inc. v. Belefant, Fla.App. 4th, 1973, 280 So.2d 28; Sharpe v. Ceco Corporation, Fla.App. 3rd, 1970, 242 So.2d 464. The court was within its discretion to deny costs in this proceeding formally cognizable in chancery. Flagala Corporation v. Hamm, Fla.App. 1st, 1974, 302 So.2d 195.
Appellant cannot recover attorneys' fees for successfully prosecuting and defending this appeal. The recent case of Ohio Rlty. Inv. Corp. v. Southern Bk. of W. Palm Beach, Fla. 1974, 300 So.2d 679, lends support to this court's previous holding that appellate attorneys' fees are not recoverable in mechanic's lien actions because the applicable statute does not specifically provide for them. Babe's Plumbing, Inc. v. Maier, Fla.App. 2d, 1966, 194 So.2d 666; accord, John T. Wood Homes, Inc. v. Air Control Products, Inc., Fla.App. 1st, 1965, 177 So.2d 709; contra, Foxbilt Electric, Inc. v. Belefant, supra.
The judgment is affirmed, but the cause is remanded with directions to award appellant reasonable attorneys' fees for services in the trial court.
BOARDMAN, A.C.J., and SCHEB, J., concur.