PER CURIAM.
Plaintiff, Paul Vaughan, appeals an amended final judgment awarding defendant, Art Construction Company, $106,652.28 plus costs and attorney’s fees and foreclosing a mechanic’s lien on Vaughan’s property.
In August 1972 Paul Vaughan entered into a standard A.I.A. contract with Art Construction Company to build a single family residence in eight months for a total price of $775,500. The contract provided that no claim for extras or deletions would be honored unless evidenced by a written change order signed by the parties. The contract also provided that the architect could sign a change order pursuant to written authority from Vaughan. In September 1972 construction commenced and subsequently changes were made by the contractor at the direction and approval of Carson Bennett Wright, the supervising architect. These changes resulted in construction delays and additional costs. During the construction period, the contractor made 21 draw requests[1] which were approved by Wright and promptly paid. In August 1974 the contractor submitted the last draw request along with a final affidavit. Despite Wright’s approval, Vaughan refused to make any further payments. In December 1974 Vaughan filed a complaint for breach of contract against Art Construction Company alleging that it had wrongfully and neglectfully failed to complete the construction in accordance with the time set forth in the contract resulting in financial loss. In March 1974 Art Construction filed a complaint to foreclose a mechanic’s lien for $85,000 in labor, material and services allegedly due from Vaughan. Vaughan answered and pled as an affirmative defense the failure to furnish him with an affidavit pursuant to Section 713.06(3)(d)(l), Florida Statutes (1975). The two causes were consolidated and tried non-jury. The trial judge found no wrongdoing on the part of Art Construction. Thereupon, the judge entered final judgment and an amended final judgment impressing a mechanic’s lien against Vaughan’s property and awarding Art Construction $106,652.28 (after deducting a credit allowance for Vaughan) plus interest and costs and following a separate hearing, awarded a $35,000 reasonable attorney’s fee pursuant to Section 713.29, Florida Statutes (1975).
Appellant Vaughan primarily argues that a mechanic’s lien should not have been impressed against his property because there was no proof that an affidavit had been served upon him pursuant to Section 713.-06(3)(d)(l), Florida Statutes (1975).
In addition to previously furnishing appellant with 21 progress payment affidavits pursuant to Section 713.06(3)(d)(l), Florida Statutes (1975), on August 30, 1974 appellee Art Construction executed an affidavit with a list of all debts outstanding to secure final payment from appellant. Therefore, the record is sufficient to support the conclusion that appellee complied with Section 713.06(3)(d)(l), Florida Statutes (1975). See R. F. Driggers Construction Co. v. Bagli, 313 So.2d 450 (Fla.2d DCA 1975). We also note that appellee after introduction of the August 30, 1974 affidavit at the trial, moved to amend the complaint to show that the required affidavit was furnished; however, the trial judge did not feel the amendment was necessary since appellee had proved it filed the affidavit. Thus, this point of appellant must fail.
Appellant also contests the award of the $35,000 attorney’s fee on the grounds that appellee is not entitled to such an award, and the amount of the fee is excessive. We cannot agree.
Appellee having prevailed on its action to impress a mechanic’s lien is entitled to an award of a reasonable attorney’s fee pursuant to Section 713.29, Florida Statutes *825 (1975). As to the issue of the reasonableness of the amount awarded, expert testimony ranged from a low figure of $20,000-$25,000 to a high of $70,000. We find no abuse of discretion in the determination that $35,000 would be a reasonable fee.
We have also considered appellant’s remaining points on appeal, and conclude that no reversible error has been made to appear.
Affirmed.

. Accompanied by progress payment affidavits.