365 So.2d 754 (1978)
PETER MARICH & ASSOCIATES, INC., Appellant,
v.
Louis F. POWELL et al., Appellees.
No. 77-1948.
District Court of Appeal of Florida, Second District.
November 15, 1978.
As Modified On Denial of Rehearing December 27, 1978.
*755 Howard C. Batt of Robinson, Macpherson, Harper & Kynes, Clearwater, for appellant.
James A. Martin, Jr. and Harry S. Cline of McMullen, Everett, Logan, Marquardt & Cline, Clearwater, for appellees.
SCHEB, Judge.
Appellant Peter Marich & Associates, Inc., an architectural firm, successfully foreclosed a mechanic's lien against appellees' property. Appellant contends the trial court erred in refusing to allow it prejudgment interest, costs, and a reasonable attorney's fee. We find merit in appellant's contentions as to its claim for interest and an attorney's fee and reverse on these points, but we affirm the trial court's denial of costs. By cross-appeal, appellees challenge the trial court's failure to grant them a setoff for appellant's alleged failure to include soundproofing in the construction plans, as well as the court's dismissal of the malpractice count of their counterclaim. As to these issues we affirm.
In March 1974 appellant contracted with appellees to perform architectural services in connection with construction of a medical office building in Clearwater. The contract provided that appellant's fee would be based on a percentage of the construction costs for basic services, with an hourly rate for additional services; but, the contract was silent as to the size or projected cost of the building.
Construction finally commenced in January 1976. By this time relations between appellant and appellees had grown strained, and during construction appellees consulted directly with the builder rather than appellant. Appellees refused to make the payments to appellant as called for in the contract, and in March 1976 appellant filed a mechanic's lien against their property.
After the building was completed appellant brought suit seeking $70,000 in architectural fees, interest, attorney's fees, and costs. Appellees counterclaimed, contending appellant had breached the contract and had committed architectural malpractice.
Upon conclusion of appellees' evidence at the nonjury trial the court dismissed the malpractice count of appellees' counterclaim.
Section 713.29, Fla. Stat. (1975) provides that a prevailing party in a mechanic's *756 lien foreclosure "shall be entitled to recover a reasonable fee for the services of his attorney ... which shall be taxed as part of his costs." This court has held this language to be mandatory, i.e., if the prevailing party seeks an attorney's fee the court is obligated to grant it. Peacock Construction Co. v. Gould, 351 So.2d 394 (Fla.2d DCA 1977); Emery v. International Glass & Mfg., Inc., 249 So.2d 496 (Fla.2d DCA 1971). The trial court recognized this statutory mandate, but concluded that appellant was not a "prevailing party" because it had failed to prove its entire claim. In so concluding we think the court erred.
A prevailing party is one in whose favor an affirmative judgment is rendered. This is true despite the fact that the judgment is for less than initially sought in the complaint. R.F. Driggers Construction Co. v. Bagli, 313 So.2d 450 (Fla.2d DCA 1975); Foxbilt Electric, Inc. v. Belefant, 280 So.2d 28 (Fla.4th DCA 1973); Sharpe v. Ceco Corp., 242 So.2d 464 (Fla.3d DCA 1970). Therefore, appellant was entitled to a reasonable attorney's fee even though it did not recover the entire amount sought in its complaint.[1]
Though there was a bona fide question as to how much appellant was owed under the contract, once this issue was determined by the court appellant was due interest from the date of entitlement. As was said by the supreme court in Parker v. Brinson Construction Co., 78 So.2d 873, 874 (Fla. 1975):
This Court has long recognized that in actions ex contractu it is proper to allow interest at the legal rate from the date the debt was due. The fact that there is an honest and bona-fide dispute as to whether the debt is actually due has no bearing on the question. The rule is that if it is finally determined that the debt was due, the person to whom it was due is entitled not only to payment of the principal of the debt but to interest at the lawful rate from the due date thereof. (Citations omitted.)
See also Vacation Prizes, Inc. v. City National Bank, 227 So.2d 352 (Fla.2d DCA 1969).
Appellees contend that appellant was not entitled to prejudgment interest because this was an equitable suit to foreclose a mechanic's lien rather than a legal action to enforce a contract. They rely upon Edwards v. John O. Evans Construction Co., 155 Fla. 263, 19 So.2d 799 (1944); Horne v. C & R Building Materials, Inc., 321 So.2d 617 (Fla.3d DCA 1975); Sharpe v. Ceco Corp., supra; and, Gerber Groves, Inc. v. Belle Glade Agricultural Contractors, Inc., 212 So.2d 669 (Fla.2d DCA 1968). The Edwards case was decided before the Parker v. Brinson Construction Co. case in which the rule of law quoted above was announced. Therefore, we deem Parker controlling. We do not find the other cases persuasive, because in each there was no privity of contract (as here) between the person asserting the lien and the owner of the property against which the lien was sought. We hold that when a foreclosure suit is based upon a breach of contract, the party to whom the debt is owed is entitled to interest from the date the debt is due. See generally Sharpe v. Herman A. Thomas, Inc., 294 So.2d 14 (Fla.3d DCA 1974); 53 Am.Jur.2d Mechanics' Liens § 246 (1970). Therefore, the trial court erred in failing to award appellant prejudgment interest in this case.
Appellant also urges that it was entitled to recover costs. However, in a foreclosure action the trial court has the discretion to grant or deny costs. R.F. Driggers Construction Co. v. Bagli, supra; Flagala Corp. v. Hamm, 302 So.2d 195 *757 (Fla.1st DCA 1974). Under the circumstances here we cannot say the trial court abused its discretion in denying appellant costs.
As to appellees' cross-appeal on the question of soundproofing, we find there was conflicting evidence from which the trial judge could have found, as he did, against appellees. Therefore, we must affirm on this point. Liberty Mutual Insurance Co. v. Furman, 341 So.2d 1056 (Fla.3d DCA 1977). On the allegation of malpractice, there was no evidence of any injury suffered by appellees as there must be to authorize recovery of damages. Innkeepers International, Inc. v. McCoy Motels, Ltd., 324 So.2d 676 (Fla.4th DCA 1975). Since appellees did not present sufficient evidence to support their counterclaim, the trial court properly granted appellant's motion for involuntary dismissal. Fla.R.Civ.P. 1.420; see Curls v. Tew, 346 So.2d 1242 (Fla.1st DCA 1977); 10 Fla.Jur. Dismissal, Etc. § 12 (1973).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
BOARDMAN, Acting C.J., and DANAHY, J., concur.
NOTES
[1] Appellees point out that they tendered an offer of judgment before trial pursuant to Fla. R.Civ.P. 1.442. Therefore, they contend, appellant was not a "prevailing party" in this litigation. While the trial court should take the offer of judgment into consideration when determining attorney's fees upon remand, Hernandez v. Travelers Insurance Co., 331 So.2d 329 (Fla.3d DCA 1976), we cannot accept appellees' argument that the offer of judgment should have been considered by the trial court in determining who was the "prevailing party" under § 713.29.