593 F.2d 609
 NORTH AMERICAN LIFE AND CASUALTY COMPANY, Plaintiff-Appellee,
v.
David A. WOLTER, as Trustee under the last will and
testament of Emily Thompson Wolter, Deceased,
Defendant-Appellant.
The MINNESOTA MUTUAL LIFE INSURANCE CO., Plaintiff-Appellee,
v.
Mary A. MEADS and David A. Wolter, as Trustee under the last
will and testament of Emily Thompson Wolter,
Deceased, Defendants-Appellants.
The TRAVELERS INSURANCE COMPANY, Plaintiff,
v.
David A. WOLTER, Defendant.
 No. 78-2729
 Summary Calendar.*
United States Court of Appeals,
Fifth Circuit.
 April 19, 1979.
 
 Edna L. Caruso, Robert M. Montgomery, Jr., West Palm Beach, Fla., for defendants-appellants.
 Dixon, Dixon, Lane, Mitchell & Harris, David R. Canning, Miami, Fla., for North American & Minnesota Mutual.
 Byron B. Mathews, Jr., Miami, Fla., for plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before CLARK, GEE and HILL, Circuit Judges.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 This appeal is brought from a final judgment entered by the District Court for the Southern District of Florida, in which the sole issue presented for review is whether the district court erred in granting appellants, beneficiaries of certain life insurance policies, interest from the date of judgment rather than from the date when the life insurance policy proceeds became payable. We reverse and remand the case with instructions to amend the judgment to award appellants interest from the date when the policy proceeds became due and payable.
 
 
 2
 This case was initiated in the district court when North American Life and Casualty Company (North American) and the Minnesota Mutual Life Insurance Company (Minnesota Mutual), appellees herein, filed separate actions for declaratory judgment, alleging that they had issued certain insurance policies on the life of Rutheled B. Wolter who died from gunshot wounds to the neck soon after purchasing these policies. North American and Minnesota Mutual further alleged that certain information in their possession indicated that the death of Rutheled B. Wolter was possibly suicide and that access to other information regarding the insured's death had been denied them so as to prevent their complete investigation of the cause of death. The insurance companies requested the district court to declare their rights and liabilities to the beneficiaries of these life insurance policies which provided that if within two years from the date of issue, the death of the insured occurred by suicide, the liability of the companies would be limited to the return of premiums paid. The beneficiaries in the same actions filed counterclaims against North American and Minnesota Mutual for the face value of the life insurance policies.
 
 
 3
 The district court consolidated these actions for trial and the case was submitted to a jury. The jury, at the conclusion of testimony and evidence at trial, deliberated as to whether the death of Rutheled B. Wolter was an accident or a suicide, and returned with a verdict that the death was by accidental means. Based upon this verdict, the trial court, pursuant to Fed.R.Civ.P. 52, entered additional Findings of Fact and Conclusions of Law which held that the face value of the life insurance policies was due to the beneficiaries with interest from the date of judgment. A final judgment was entered, and this appeal ensued over the issue of the court's award of interest.
 
 
 4
 Appellees contend that an award of interest is discretionary and that there is no evidence that the district court abused its discretion in failing to award interest to appellants. We disagree. Where a debt is certain in amount and payable at a certain time, interest follows recovery of the money due as a matter of law. Okeechobee County v. Nuveen, 145 F.2d 684 (5th Cir. 1944), Cert. denied, 324 U.S. 881, 65 S.Ct. 1028, 89 L.Ed. 1432 (1945); Jacquin-Florida Distilling Co. v. Reynolds, Smith and Hills, Inc., 319 So.2d 604 (1st Dist. Ct. App. Fla. 1975). Relying principally on Edwards v. John O. Evans Construction Co., 155 Fla. 263, 19 So.2d 799 (1944), appellees argue that a court may refuse to award interest in extraordinary cases.[1] While this may be true in some cases, under Florida law the award of interest is discretionary Only in cases in equity. Jacquin-Florida Distilling Co. v. Reynolds, Smith and Hills, Inc., 319 So.2d at 608. The present case involves an action at law, notwithstanding the fact that the insurance companies beat the beneficiaries to the courthouse door by filing a declaratory judgment action. Joseph v. Board of Public Instruction of Dade County, 184 So.2d 452 (3d Dist. Ct. App. Fla. 1966). These appellants are entitled to interest as a matter of right, irrespective of the insurance companies' good faith in contesting the claims. Jacquin-Florida Distilling Co. v. Reynolds, Smith and Hills, Inc., 319 So.2d at 608.
 
 
 5
 The only question remaining for us to resolve is the date upon which interest should commence to run. In actions Ex contractu interest runs from the date the debt becomes due. Nationwide Mutual Insurance Co. v. Griffin, 222 So.2d 754, 756 (4th Dist. Ct. App. Fla. 1969); English & American Insurance Co. v. Swain Groves, Inc., 218 So.2d 453, 457 (4th Dist. Ct. App. Fla. 1969). In the case of insurance contracts, the debt is "due" on the date the loss becomes payable under the terms of the policy. English & American Insurance Co. v. Swain Groves, Inc., 218 So.2d at 457; Berkshire Mutual Insurance Co. v. Moffett, 378 F.2d 1007, 1013 (5th Cir. 1967). The policies drafted in this case by North American and Minnesota Mutual provided that the loss became payable upon receipt of "due proof" of the insured's death. Minnesota Mutual received claim reports in September of 1976 and the death certificate in December of 1976; North American received claim forms and the death certificate on September 16, 1976. Appellants contend that they are entitled to interest dating from the receipt of the death certificates since that is the date the loss became due and payable.
 
 
 6
 Appellees argue that "due proof" of the insured's death was not furnished by simply supplying them with a copy of the death certificate. Relying primarily on Washington v. Metropolitan Life Insurance Co., 363 N.E.2d 683, 685 (Mass.1977), appellees contend that "the beneficiaries should have supplied information sufficient for the insurer to form an intelligent estimate as to whether the death came within the terms of the policy." Appellees Brief at 14. But in Washington the insurance policy required due proof of Death by accidental means, a proof requirement much stricter than the one involved in the present case. In the absence of a requirement in the policy obligating the beneficiary to furnish proof of the Cause of death, the insurer may only insist that the fact of death be shown with reasonable certainty.
 
 
 7
 Therefore, we reverse and remand this case to the district court with directions to amend the final judgment so as to allow interest to commence upon the date of receipt of the death certificates.[2]
 
 
 8
 Appellants have also moved, pursuant to Fla.Stat.Ann. § 627.428, for an award of attorney's fees on appeal. Having determined that an award is proper under Florida law in this case, we direct the district court upon remand to determine and award a reasonable amount for the attorney's fees incurred by appellants in prosecuting this appeal.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 Appellees contend that an award of interest is improper because the beneficiaries failed to cooperate in the investigation of the circumstances surrounding the insured's death. They assert that the beneficiaries' obstructive behavior impeded their efforts to ascertain the true cause of the insured's death, and consequently provided a reason for the district judge to exercise his discretion in disallowing interest. The evidence of this "non-cooperation" is scant. The appellees also advanced the same argument in opposition to the award of attorney's fees, but they were unsuccessful in convincing the district court not to award attorney's fees. Furthermore, Travelers Insurance Company, not a party to this appeal, never alleged that the beneficiaries failed to cooperate in the investigation; yet the district court failed to award interest against Travelers also. Nonetheless, we need not decide whether alleged failure to cooperate deprived them of an award of interest in view of our conclusion that they are entitled to interest as a matter of law
 
 
 [2]
 North American received the death certificate on September 16, 1976. Minnesota Mutual received the death certificate sometime in December of 1976. If, upon remand, the district court is unable to ascertain the exact date in December when the death certificate was received, then interest should commence to run against Minnesota Mutual no later than January 1, 1977