390 So.2d 413 (1980)
Joseph SANFILIPPO, Appellant,
v.
LARRY GIACIN TILE CO., INC., Appellee.
No. 80-494.
District Court of Appeal of Florida, Fourth District.
November 12, 1980.
John B. DiChiara of Di Giulian, Spellacy & DiChiara, P.A., Fort Lauderdale, for appellant.
No appearance for appellee.
*414 HERSEY, Judge.
Appellee, Larry Giacin Tile Co., Inc., brought suit against appellant, Joseph Sanfilippo, attempting to enforce and foreclose a mechanic's lien against property owned by appellant and improved by appellee. The trial court found that both parties had acted in good faith but that appellee had failed to perfect a mechanic's lien. Judgment was entered in favor of appellant and each party was directed to bear his own costs and attorney's fees.
This appeal questions only the correctness of that part of the judgment dealing with costs and attorney's fees.
Prior to its amendment in 1977, Section 713.29 of the Florida Statutes provided:
In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court, which shall be taxed as part of his costs.
The amendment, Chapter 77-353, effective July 1, 1978, changed this section to read:
In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.
There is no question but that appellant was the prevailing party in this action. It is also clear that, prior to the amendment, an award of attorney's fees to the prevailing party in an action based on Chapter 713 was mandatory. Foxbilt Electric, Inc. v. Belefant, 280 So.2d 28 (Fla. 4th DCA 1973). The issue, then, is whether the amendment changed the character of this requirement from mandatory to permissive.
We have previously concluded that the purpose of the statute in question was to make the prevailing party whole while at the same time discouraging specious claims and defenses. Foxbilt Electric, Inc. v. Belefant, supra. We perceive no change in legislative intent indicated by the two phrases added by the amendment. Accordingly, we hold that Section 713.29, Florida Statutes (1979) is mandatory and requires the trial court to award an attorney's fee to the prevailing party. American Insulation of Fort Walton Beach v. Pruitt, 378 So.2d 839 (Fla. 1st DCA 1979).
Appellant's motion for attorney's fees for prosecuting this appeal is granted. Prior to the 1977 amendment there was a conflict of authority on this point. We held that an award of attorney's fees for services in connection with an appeal was appropriate under the statute. Foxbilt Electric, Inc. v. Belefant, supra. The Second District Court of Appeal, in R.F. Driggers Construction Company v. Bagli, 313 So.2d 450 (Fla. 2d DCA 1975) and the First District Court of Appeal, in John T. Wood Homes, Inc. v. Air Control Products, Inc., 177 So.2d 709 (Fla. 1st DCA 1965) developed a contrary line of authority. This conflict has been put to rest by the amendment which mandates attorney's fees for services "for trial and appeal."
That portion of the judgment pertaining to costs is not subject to reversal unless an abuse of discretion is demonstrated. Insofar as the trial court specifically found no bad faith here on the part of either party, we can find no abuse of discretion in refusing to award appellant his costs.
We therefore affirm that aspect of the judgment pertaining to costs. We reverse that portion of the judgment dealing with attorney's fees and remand this cause to the trial court with instructions to ascertain reasonable attorney's fees for services in the trial court and on this appeal and to enter an award for such fees in favor of appellant and against appellee.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
GLICKSTEIN, J., concurs.
ANSTEAD, J., concurs in part and dissents in part with opinion.
*415 ANSTEAD, Judge, concurring in part and dissenting in part:
I agree with the majority opinion on the issue of attorney's fees but I would also direct that appellant be awarded his reasonable costs. There is no basis in the record for denying such costs.