In the Matter of Lois M. HASTY,
Debtor.

Lois M. HASTY, Plaintiff,

v.

Jack CHAIN, Defendant.

Bankruptcy Nos. 82–579, 82–288.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 29, 1982.

Jawdet I. Rubaii, Clearwater, Fla., for plaintiff.

Jack Chain, pro se.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM OPINION AND FINAL JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the immediate matter under consideration is an action by the Debtor, Lois M. Hasty, to recover a money judgment. The Plaintiff seeks a recovery in the amount of $1,150 representing a security deposit held by Jack Chain, the Defendant in the above-styled adversary proceeding and the former residential landlord of the Plaintiff. The Defendant, who appeared pro se, claims to have superior rights in the security deposit alleging that the Debtor and her family caused extensive physical damage to the premises while residing therein. Specifically, the Defendant contends that the Plaintiff or those under her control put holes in the wall and ceiling, broke windows, caused damage to the inground pool, water damaged and stained carpets beyond repair, broke a section of a chain-link fence and caused damage to landscaping. In addition, the Defendant contends that the Plaintiff failed to pay her water bill, and although the account for city services was in her name, the Defendant was forced to pay the delinquent balance in order to restore the discontinued services after the Plaintiff vacated the premises. Thus, the Defendant paid the Plaintiff's delinquent water bill in the amount of $165.

The Court heard testimony and being otherwise duly advised in the premises finds as follows:

In June of 1981, the Plaintiff, Lois Hasty and Defendant, Jack Chain, entered into an oral agreement whereby the Plaintiff agreed to lease from the Defendant a single family home located at 9801 56th St. North, Pinellas Park, Florida. The Plaintiff then paid over the sum of $1,725 which represented a security deposit in the amount of $1,150 and a first month's rental payment of $575. The Defendant deposited the sum of $1,725 in his personal checking account, an account which he held jointly with Raye Esposito.

Although the term of the oral lease agreement was intended to be one year, an illness in the Plaintiff's family caused the Plaintiff to seek an amicable release from the oral agreement. There is no testimony to indicate that the Plaintiff's notice to vacate was either untimely or resisted by the Defendant. Thus, in early February, the Plaintiff vacated the premises. On February 22, the Defendant's attorney mailed a letter to the Plaintiff stating his intent to withhold the security deposit to repair the alleged damages. On March 22, 1982, the Plaintiff filed a voluntary Chapter 7 liquidation case.

■ As noted above, the lease agreement was not reduced to writing, thus, a month-to-month tenancy at will was created pursuant to § 83.01 Fla.Stat. (Supp.1981). While it is not clear whether the Plaintiff gave a 7 day termination notice as required by § 83.49 Fla.Stat., it is evidence that both parties agreed to the early termination date and notice of termination is not a controverted issue.

■ It is important to note, however, that in regard to the contested security deposit, the Defendant failed to comply with the statutory guidelines governing residential tenancies. § 83.49 Fla.Stat. (Supp. 1981). The security deposit was placed in a personal checking account commingled with the Defendant's funds and no surety bond was posted. The Plaintiff was never advised of the manner in which the landlord held the funds and finally, the Plaintiff was not timely notified by certified mail of the Defendant's intent to impose a claim on the security deposit as required by § 83.49(3)(a) Fla.Stat. (Supp.1981).

■ The Defendant's failure to adhere to the requirements of the Landlord-Tenant Laws of the State of Florida precludes judgment in the Defendant's favor. However, since the Plaintiff clearly admits responsibility for certain damage, i.e. holes in wall and ceiling and failure to pay for city services, the Court is satisfied that the $1,150 deposit to be returned to the Plaintiff shall be reduced by a total of $215 or $60 to repair the holes and $165 to compensate the Defendant for payment of the water bill.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that a money judgment shall be entered in favor of the Plaintiff, Lois M. Hasty. The Plaintiff shall recover the sum of $935 in addition to $500 attorneys fees pursuant to § 83.49(3)(a) Fla.Stat. (Supp. 1981).