448 So.2d 1208 (1984)
Elvina DURENE, Petitioner,
v.
Ancel ALCIME, Respondent.
No. 83-2410.
District Court of Appeal of Florida, Third District.
April 24, 1984.
*1209 John R. Greenwood, Miami, for petitioner.
No appearance for respondent.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
Elvina Durene petitions this Court for a writ of certiorari to review a final order of the Circuit Court for the Eleventh Judicial Circuit, Dade County, sitting in its appellate capacity. We have jurisdiction pursuant to Rule 9.030(b)(2)(B), Florida Rules of Appellate Procedure and, for reasons more fully developed below, deny the petition in part and grant it in part.
Petitioner was the plaintiff below in an action to recover a security deposit held by defendant landlord. Petitioner vacated the subject residential property the first week of September, 1982 and requested in writing the return of a $300 security deposit. October 6, 1982, the petitioner filed suit in Dade County Court for the return of the money. Trial was set for December 7, 1982. On that date, defendant requested and was granted leave to file a counterclaim for actual and punitive damages. Petitioner moved to dismiss the counterclaim and a final order, finding that defendant had forfeited his right to state a cause of action for damages by failing to comply with the requirements of section 83.49(3)(a), Florida Statutes (1981),[1] was entered dismissing defendant's counterclaim. Thereafter, the defendant landlord returned the security deposit and appealed the dismissal of the counterclaim to the appellate division of the circuit court. A three judge panel reversed the trial court, finding that the notice requirements of section 83.49(3)(a) pertained only to claims for damages made against the security deposit itself and not to general claims for damages against a former tenant. This petition followed.
We note at the outset that this appears to be a case of first impression. The question before us is whether failure to comply with the notice requirements of section 83.49(3)(a) bars forever all claims for damages or only bars those claims made against the security deposit. One court in Florida found that failure to give notice within the 15 day statutory period defeated the landlord's claim against the security deposit and so required the landlord to give back the security deposit money (minus $215 which the plaintiff clearly admitted she owed) and assessed $500 in attorneys' fees and costs pursuant to the statute. In Re Hasty, 25 B.R. 429 (Bkrtcy.M.D.Fla. 1982). However, the landlord's right, or lack thereof, to proceed against the tenant on a separate cause of action for damages was not an issue in the case.
We agree with the appellate panel that the plain language of the statute, which speaks only of security deposits, cannot be read to state the legislature's intent to impose, in effect, a 15 day statute of limitation on all claims for damages a landlord may have against a former tenant. No one else is so constrained. See section *1210 95.11, Florida Statutes. We also agree with the panel's decision that the purpose of the statute is to assure tenants that their security deposits will be returned expeditiously or they will be promptly notified otherwise. Petitioner's policy arguments for a contrary reading are well taken but unavailing. The statutory language is clear and unambiguous.
Petitioner's fear that by allowing the landlord to file a counterclaim for damages the tenant will always be left with nothing is unfounded.[2] It ignores the penalties built into the process. When a tenant files suit for the return of a security deposit, the procedure is simple and straightforward. The case is advanced on the calendar so that it is heard quickly. See section 83.49(3)(c). At that point, all the trial court has to determine is whether the money was held for more than 15 days after the tenant vacated the premises, without any notification by the landlord that he intended to make a claim against the security deposit. If the determination is that the landlord did so hold the deposit for more than 15 days without notifying the tenant of any claims, the statute requires the security deposit money be returned forthwith. The fact that the landlord may have an independent action for damages is immaterial. By his violation of the statute, the landlord has forfeited his access to that particular, readily available fund of money. That is the first penalty. In addition, the landlord is liable for attorneys' fees and costs under section 83.49(3)(c). This is the second penalty. Once the security deposit issue is resolved, the parties proceed to adjudicate the claim for damages. As in any other lawsuit, the landlord must sustain his burden of proof in order to prevail. If he prevails, the landlord must follow the relevant procedures to enforce the judgment, assuming a risk that the former tenant may be judgment-proof. That is the third penalty. The security deposit may not be used for purposes of a set-off.[3] We feel this procedure is sufficiently burdensome to deter landlords from willful violation of the statute.
We deny the petition to the extent that we find the appellate panel's decision on the counterclaim was correct. We grant the petition for the limited purpose of quashing the appellate panel's decision on petitioner's request for attorneys' fees. Section 83.49(3)(c) clearly states that when a party is obligated to adjudicate his right to the security deposit and prevails, that party is entitled to costs and a reasonable fee for his attorney. Petitioner prevailed below and is entitled to costs and attorneys' fees from the defendant landlord.
The petition is denied in part and granted in part.
NOTES
[1] Section 83.49(3)(a) states in relevant part:

Upon the vacating of the premises for termination of the lease, the landlord shall have 15 days to return said security deposit together with interest or in which to give the tenant written notice by certified mail to the tenant's last known mailing address of his intention to impose a claim thereon... If the landlord fails to give the required notice within the 15-day period, he forfeits his right to impose a claim upon the security deposit.
[2] Petitioner's second assertion, that landlords will routinely wrongfully withhold security deposits knowing that most people will not file suit to get their deposit back, is a situation which courts are powerless to correct in the absence of a lawsuit. Our result today cannot change that. That problem can only be resolved through consumer education.
[3] In Hasty, supra, the court did allow a set-off of $215 [sic] against the security deposit, $60 for admitted damage to ceilings and $165 for a water bill which was the tenant's responsibility to pay. It is important to note that the landlord claimed damages of more than $1100. In addition to not recovering his damages, the landlord had to return $935 to the tenant plus pay $500 in attorneys' fees. This result should provide a strong incentive to at least one Florida landlord to comply with the statute. We disagree, however, with the court's decision to allow even the $215 as a set-off against the security deposit, whether the damages were admitted or not. The statute clearly states that once the landlord has failed to comply with the notice provisions, he has forfeited his right to impose a claim upon the security deposit. Thus, that fund of money is no longer available to the landlord or to the court for the payment of damages.