. OTT, Judge.
We reverse the trial court’s order denying appellant’s motion for attorney’s fees and costs made pursuant to section 713.29, Florida Statutes (1983), Florida’s Mechanics’ Lien Law.
Appellee was hired by General Development Corporation (“GDC”) to perform dredging in a subdivision owned by GDC. Appellee fell behind schedule and, with GDC’s permission, hired appellant and others to assist with the job.
A dispute arose over how much money appellee owed appellant for the work, and *598 appellant filed a claim of lien against the subdivision property. See § 713.04, Fla. Stat. (1983). GDC thereupon filed an inter-pleader action under section 713.27 naming appellant, appellee, and other subcontractors hired by appellee to work on the dredging project. The court ordered GDC to pay all funds it held under its contract with appellee into the registry of the court and declared the subdivision property free of the lien. After trial, the lower court ruled that appellant was entitled to recover from the registry fund the full amount stated in its claim of lien.
Appellant moved for an award of attorney’s fees and costs pursuant to section 713.29, which provides:
In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.
The trial court denied appellant’s motion for the stated reason that appellant was not a “prevailing party” under the statute because the claim of lien had been removed from the land.
Section 713.27, which governs the inter-pleader action, provides:
An owner or other person holding funds for disbursement on an improvement shall have the right to interplead such lienor and any other person having or claiming to have an interest in the real property improved or a contract relating to the improvement thereof, whenever there is a dispute between lienors as to the amounts due or to become due them. If the court decrees the interpleader, it may transfer all claims to the funds held by the plaintiff. In such case the court shall require said fund to be deposited in registry of court, and effective upon such deposit, shall decree the real property to be free of all liens and claims of lien of the parties to the suit.
Clearly, appellant’s claim of lien was not destroyed. By requiring GDC to deposit the disputed funds into the court registry and declaring the subdivision property free of all liens, appellant’s lien was transferred to the registry fund.
Appellee never filed a claim of lien. It asserts that attorney’s fees are available only when the interpleader involves a “dispute between lienors,” a lienor being one who has filed a claim of lien. Appellee ignores the statutory definition of lienor which includes one who “has a lien or prospective lien _” § 713.01(10), Fla. Stat. (1983).
GDC’s interpleader action caused the lien to be transferred to the registry fund. Such action does not deprive appellant of the status of prevailing party for purposes of section 713.29. Appellant succeeded in recovering a judgment for the full amount of its lien. Therefore, it was entitled to a reasonable attorney fee. See, e.g., Peter Marich & Associates, Inc. v. Powell, 365 So.2d 754 (Fla. 2d DCA 1978).
REVERSED.
RYDER, C.J., and CAMPBELL, J., concur.