SCHEB, Acting Chief Judge,
concurring in part and dissenting in part.
I concur completely with the majority opinion with the exception of the award of attorney’s fees to appellant.
Appellant claims an entitlement to fees under section 713.29, Florida Statutes (1983), which provides:
In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.
The purpose of the statute is to make the prevailing party whole while at the same time discouraging specious claims and defenses. Sanfilippo v. Larry Giacin Tile Co., 390 So.2d 413 (Fla. 4th DCA 1980). In litigation involving lien foreclosure, we have previously defined the “prevailing party” as the “one in whose favor an affirmative judgment is rendered.” Peter Marich & Associates, Inc. v. Powell, 365 So.2d 754, 756 (Fla. 2d DCA 1978). See also American Diversified Dredging, Inc. v. Nautilus Construction Corp., 457 So.2d 597 (Fla. 2d DCA 1984); C.U. Associates, Inc. v. R.B. Grove, Inc., 455 So.2d 1109 (Fla. 3d DCA 1984).
While appellant has prevailed on appeal, I would not award attorney’s fees at this time. I think that before attorney’s fees may be awarded under section 713.29, that a party must establish a meritorious claim and actually obtain a judgment rendered in his favor. See Magee v. Bishop Signs, Inc., 458 So.2d 1174 (Fla. 4th DCA 1984). If the majority’s decision on this point were followed to its logical conclusion, it could have the effect of awarding fees to a party who prevails on appeal on a technicality, but who does not have a meritorious claim in the court below. I do not think that is within the statutory purpose.
*1190 Accordingly, I would grant appellant’s motion for attorney’s fees on appeal, conditioned on its ultimately prevailing in the trial court. See, e.g., McDonald v. Southeastern Fidelity Insurance Co., 373 So.2d 94 (Fla. 2d DCA 1979); Segelstrom v. Blue Shield of Florida, Inc., 233 So.2d 645 (Fla. 2d DCA 1970). I concur in the majority’s decision in all other respects.