491 So.2d 308 (1986)
SALISBURY CONSTRUCTION CORP., a Florida corporation, Appellant,
v.
Fay MITCHELL, Appellee.
No. 85-2474.
District Court of Appeal of Florida, Fourth District.
July 9, 1986.
Kenneth M. Jones, of Moody and Jones, Plantation, for appellant.
Michael E. Muchnick, of Shirley D. Weisman, P.A., Pompano Beach, for appellee.
GUNTHER, Judge.
Plaintiff, Salisbury, appeals an order denying its motion to amend the final judgment to award it attorney's fees pursuant to section 713.29, Florida Statutes (1985), and costs. Salisbury contends it was the prevailing party in an action to foreclose a mechanic's lien and was therefore entitled to an award of attorney's fees and costs. We reverse as to attorney's fees and affirm as to costs.
A final judgment was entered in favor of Salisbury and against the defendant, Mitchell, for a mechanic's lien in the amount of $367.00 calculated as follows:

 TOTAL AMOUNT OF LIEN $1,327.00
 LESS SET-OFF FOR DAMAGES
 AWARDED AGAINST
 PLAINTIFF 960.00
 _________
 NET AMOUNT OWED PLAINTIFF
 FROM DEFENDANT $ 367.00

The final judgment also included a ruling, inter alia, that under the facts of this case, it would be inequitable for either party *309 to be assessed attorney's fees or court costs of the other party.
Salisbury, even though it was not granted the full sum prayed for, was still the "prevailing party" in the mechanic's lien action. This is so because Salisbury's award of damages was in excess of Mitchell's, who also received less than what was claimed as a set-off. Hub Cap Heaven, Inc. v. Goodman, 431 So.2d 323 (Fla. 3d DCA 1983); American Insulation v. Pruitt, 378 So.2d 839 (Fla. 1st DCA 1979). As the prevailing party, Salisbury is entitled to attorney's fees as a matter of right. Sanfilippo v. Larry Giacin Title Co., Inc., 390 So.2d 413 (Fla. 4th DCA 1980). Costs, however, are discretionary with the trial judge, and we affirm the denial of costs. Peter Marich & Associates, Inc. v. Powell, 365 So.2d 754 (Fla. 2d DCA 1978).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DOWNEY and GLICKSTEIN, JJ., concur.