## BAND v BELL

### Case No. 88-21877-CB (County Court Case No. 87-17135SP)

Seventeenth Judicial Circuit, Broward County

April 7, 1989

**APPEARANCES OF COUNSEL**

**Law Offices of Ralph Diaz, P.A.,** for Appellants.

**Brenda Hacker,** for Appellee.

### OPINION OF THE COURT

BARBARA BRIDGE, Circuit Judge.

This appeal concerns an action which was commenced in the County Court of Broward County, Florida. The essential facts of the case are not in dispute. Appellants entered into a Residential Lease with Appellee. By the terms of the Lease Appellants were required to provide Appellee with a security deposit in the sum of $750.00. After the Lease terminated, Appellee made demand on Appellants' security

deposit for repairs by letter postmarked seventeen (17) days after Appellants vacated the premises.

Subsequent to Appellants vacating the premises, Appellee tendered a check in the sum of $12.50 to Appellants. Appellants demanded return of the $750.00 security deposit pursuant to Section 83.49(3)(a). Upon the failure of the Appellee to return the security deposit, a Complaint was filed in the County Court in and for Broward County, Florida; the Complaint sought return of the $750.00 security deposit, plus interest, costs and attorneys' fees. Appellee counterclaimed for damages. The County Court entered a Final Judgment for the Appellants, taking the counterclaim into account, and awarded the Appellants the sum of $367.50, apparently deducting from the security deposit of $750.00, $382.50 for damages. The trial court denied Appellants' application for legal fees.

We reverse. The Trial Court erred by entering a Final Judgment for Appellants with the net recovery taking Appellee's counterclaim into account. Appellee is entitled to damages based on the counterclaim, but any monies recovered by the Appellee cannot be offset against Appellants' Judgment for the security deposit. See *Durne v Alcime,* 448 So.2d 1208 (Fla. 3d DCA 1984). Further, since the Appellants prevailed on the issue of the security deposit, they are entitled to attorneys' fees pursuant to Section 83.49(3)(c) Florida Statutes, plus interest. The Appellee having failed to give the required notice within the fifteen (15)-day period, forfeits his right to impose a claim upon the security deposit, Section 83.49(3)(a).

Therefore, based on *Durne v Alcime,* the Court rules as follows:

1. Appellants are entitled to a Judgment for the security deposit in the sum of $750.00 plus interest, plus costs and attorneys' fees, for which let execution issue.

2. Appellee is entitled to a Judgment of $382.50 for damages, for which let execution issue.

This case is remanded to the Trial Court with directions to enter appropriate Orders.