566 So.2d 352 (1990)
Ramiro MALAGON and Maria Malagon, Appellants,
v.
Annette SOLARI, Appellee.
No. 89-1746.
District Court of Appeal of Florida, Fourth District.
September 5, 1990.
*353 Harvey D. Rogers of Harvey D. Rogers P.A., Miami, for appellants.
Ted Crespi of Ted Crespi, P.A., Hollywood, for appellee.
PER CURIAM.
Appellants, as tenants, brought an action against their landlord for return of their security deposit and for damages. Appellee, the landlord, counterclaimed for damages. The final judgment, following a jury verdict, awarded appellants the total amount of the security deposit, but also awarded appellees a smaller amount for damages on the counterclaim. Appellants sought attorney's fees under section 83.49(3)(c), Florida Statutes (1989), which provides:
If either party institutes an action in a court of competent jurisdiction to adjudicate his right to the security deposit, the prevailing party is entitled to receive his court costs plus a reasonable fee for his attorney. The court shall advance the cause on the calendar.
The trial court held, inter alia:
both parties prevailed on separate issues at trial. Both the Plaintiff and Counter-[Defendant] prevailed on their breach of contract claim and the Defendant/Counter-Plaintiff prevailed on the negligence and punitive damages claims that were relied upon to vest jurisdiction in the Circuit Court. Therefore, this Court having found that both parties prevailed upon separate issues, it is hereby
ORDERED AND ADJUDGED that Plaintiff's Motion to Award Attorney's Fees is DENIED and both parties are ordered to bear their own attorney's fees and costs of litigation. Cecchi v. Gordon, et al., 13 Fla. Law Weekly [1116] 1117 [524 So.2d 501] (3rd DCA 1988).
This was clearly error. It is well settled that a plaintiff is considered the prevailing party if he recovers less than he sued for, so long as he recovers something. Salisbury Const. Corp. v. Mitchell, 491 So.2d 308 (Fla. 4th DCA 1986); American Insulation of Fort Walton Beach, Inc. v. Pruitt, 378 So.2d 839 (Fla. 1st DCA 1979); Peter Marich & Assocs., Inc. v. Powell, 365 So.2d 754 (Fla. 2d DCA 1978); R.F. Driggers Const. Co. v. Bagli, 313 So.2d 450 (Fla. 2d DCA 1975). Further, in Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), the Supreme Court held that plaintiffs in civil rights actions may be considered "prevailing parties for attorney's fee purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *354 Accordingly, because appellants recovered $3,300.00 on Count I of their complaint, they were the "prevailing party" and entitled to attorneys fees.
This is true even though appellee recovered damages on her counterclaim, since appellants' award of damages was in excess of appellee's. Salisbury, 491 So.2d at 309. Kendall East Estates, Inc. v. Banks, 386 So.2d 1245, 1247 (Fla. 3d DCA 1980) (holding in part that plaintiff was party recovering judgment and thus entitled to an award of costs in its favor "notwithstanding the fact that [defendants] reduced the amount of the plaintiff's net judgment by the successful pursuit of their counterclaim"). Furthermore, the damages awarded on the counterclaim cannot be construed as a setoff against the security deposit because: (1) the total security deposit of $3,300.00 was awarded to appellants, and (2) by finding for appellants in Count I, the trial court implicitly found as alleged in Paragraph 14 of that Count that appellee failed to comply with the notice provision regarding the retention of the security deposit. As discussed in Durene v. Alcime, 448 So.2d 1208 (Fla. 3d DCA 1984), failure to give the required notice penalizes a landlord by forfeiting his access to the security deposit in an independent action for damages, and by making the landlord liable for attorney's fees and costs under section 83.49(3)(c).
However, as emphasized by the Supreme Court in Hensley:
the inquiry does not end with a finding that the plaintiff obtained significant relief. A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation.
103 S.Ct. at 1943. Thus, the lack of success may provide an independent basis which a court can consider in reducing attorney's fees. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985), modified on other grounds, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990).
In Pappert v. Mobilinium Assocs. V., 512 So.2d 1096 (Fla. 4th DCA 1987), this court relied on Hensley in its holding that the extent of success by the prevailing plaintiffs should be utilized by the trial court in determining the amount of fees due those plaintiffs. Quoting Hensley, this court said:
Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained. 103 S.Ct. at 1943.
Id. at 1099.
We therefore reverse that portion of the final judgment denying appellants' motion for attorney's fees and costs and remand for further proceedings in accordance with Hensley and Pappert.
REVERSED AND REMANDED.
HERSEY, C.J., STONE, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.