686 So.2d 717 (1997)
K & M ELECTRIC SUPPLY, INC., Appellant/Cross-Appellee,
v.
MODUPLEX CORPORATION, on its own behalf and as assignee of Graybar Electric Company, Inc., and Electrical Associates Enterprises, Inc., Appellees/Cross-Appellants.
Nos. 95-3027, 95-4320.
District Court of Appeal of Florida, Fourth District.
January 2, 1997.
Rehearing Denied February 6, 1997.
Jack J. Aiello and L. Louis Mrachek of Gunster, Yoakley, Valdes-Fauli & Stewart, P.A., West Palm Beach, for Appellant/Cross-Appellee-K & M Electrical Supply, Inc.
Mikel D. Greene, Palm Beach Gardens, for Appellees/Cross-Appellants-Moduplex and Graybar.
David L. Gorman of Gorman and Scherer, P.A., North Palm Beach, for Appellee/Cross-Appellant-Electrical Associates.
PER CURIAM.
We sua sponte consolidate these appeals from the main judgment and from the award of attorney's fees.
The parties to this dispute have raised numerous issues on appeal and cross-appeal. The trial court made a factual finding that the monies owed for materials supplied by Graybar Electric Company (Graybar) never became part of the accounts receivable of Electrical Associates Enterprises, Inc. (EAE) and thus were never subject to the security interest of EAE's creditor, K & M Electric Supply, Inc. (K & M). Because there is substantial, competent evidence to support this factual finding, we find no error and thus reject K & M's first point on appeal. Thus, we also disagree with K & M that the trial court erred in its calculation of damages *718 when it failed to include prejudgment interest on the amount due Graybar by Moduplex between the dates of December 29, 1992 and August 31, 1994.
We agree with K & M, however, that the trial court erroneously offset from the quantum meruit award certain monies that the owner, Moduplex Corporation, on its own behalf and as assignee of Graybar (Moduplex), expended after December 29, 1992, the date that the subcontracts between Moduplex and EAE were terminated. Also, the recalculation of damages on remand must allow for post-judgment interest on the prejudgment interest component of the final judgment. When the final judgment was entered, neither the trial court nor the parties had the benefit of Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996).
Moduplex raises two points on cross-appeal. As to the first point, we agree with Moduplex that when Moduplex became the assignee of Graybar's claim, it was entitled to the full amount to which Graybar would have been entitled. It is undisputed that Graybar was owed $318,173.86 for its materials. The trial court thus erred in giving Moduplex, as Graybar's assignee, credit for only $260,000, the amount Moduplex had paid to Graybar in exchange for the assignment of its claim. We reject Moduplex's second point on cross-appeal that the trial court erred when it allowed EAE to recover $10,000 for trailers and tools left on the job by EAE.
Moduplex also appeals an award of attorney's fees and costs against it and in favor of EAE. We reverse because no contractual or statutory basis existed for the award. See Florida Medical Ctr., Inc. v. McCoy, 657 So.2d 1248, 1250 (Fla. 4th DCA 1995). EAE did not recover under its subcontracts with Moduplex. Those subcontracts were terminated as of December 29, 1992, and damages were awarded under a quantum meruit basis. See id. at 1251-52; Vining v. Carmona, 596 So.2d 154 (Fla. 3d DCA 1992); Douglass v. Jones, 422 So.2d 352 (Fla. 5th DCA 1982). Having found the award of attorney's fees to be improper, the issues on cross-appeal as to the appropriate hourly rate, reduction of the lodestar fee, and entitlement to prejudgment interest are moot.
We affirm in part; reverse in part; and remand to the trial court for recalculation of the final judgment in accordance with this opinion.
POLEN and GROSS, JJ., concur
PARIENTE, J., concurs specially with opinion.
PARIENTE, Judge, concurring specially.
I concur in the result reached by the majority. I write to discuss an additional basis for reversal of the trial court's award of prevailing party attorney's fees. Even if there were a contractual basis for recovery, EAE was not the prevailing party, based on the findings in the trial court's order. See Prosperi v. Code, Inc., 626 So.2d 1360, 1363 (Fla.1993); Moritz v. Hoyt Enters., 604 So.2d 807, 810 (Fla.1992). In a detailed order, the trial court enumerated the significant issues in the underlying lawsuit and found that EAE had not prevailed on any of them. For example, the trial court stated that it had calculated the damages awarded to K & M on the basis advocated by Moduplex, not as urged by EAE.
Rather than applying Moritz and Prosperi, the trial court erroneously concluded that even though it found that Moduplex had prevailed on the significant issues, EAE had to be considered the prevailing party if "it recovered something," citing to Malagon v. Solari, 566 So.2d 352 (Fla. 4th DCA 1990). In Malagon, we held that "[i]t is well settled that a plaintiff is considered the prevailing party if he recovers less than he sued for, so long as he recovers something." Id. at 352. However, Malagon has been implicitly overruled by Moritz and Prosperi.
In Moritz, our supreme court held that "the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." Moritz, 604 So.2d at 810. In Prosperi, our supreme court explained that Moritz requires a flexible application *719 of prevailing party attorney's fees: "The fact that the claimant obtains a net judgment is a significant factor but it need not always control the determination of who should be considered the prevailing party." Prosperi, 626 So.2d at 1363.
I take this opportunity to correct an incomplete statement of the law governing prevailing party attorney's fees made in Rosso v. Golden Surf Towers Condominium Association, 651 So.2d 787 (Fla. 4th DCA), review denied, 659 So.2d 1088 (Fla.1995), an opinion I authored. Citing to Prosperi, this court stated that the net judgment rule has been applied by the courts of this state to determine which party may be deemed the prevailing party for purposes of assessing attorney's fees. Rosso, 651 So.2d at 789. While this statement is historically accurate, see Prosperi, 626 So.2d at 1362, in Prosperi, our supreme court confronted the continued viability of the net judgment rule in light of Moritz. Our supreme court held that "in considering whether to apply the net judgment rule, the trial judge must have the discretion to consider the equities and determine which party has in fact prevailed on the significant issues." Id. Therefore, the fact that a party obtains a net judgment, while a significant factor, is not necessarily determinative of the prevailing party.