304 So.2d 455 (1974)
Jean-Paul PICARD, Appellant,
v.
W.H. BURROUGHS and Yvonne Burroughs, Appellees.
No. U-186.
District Court of Appeal of Florida, First District.
August 22, 1974.
Rehearing Denied November 5, 1974.
W. Paul Thompson, De Funiak Springs, for appellant.
Angus G. Andrews, DeFuniak Springs, for appellees.
BOYER, Judge.
This case is based upon a purchase and sell agreement entered into between appellant Picard as purchaser and appellees Burroughs as sellers.
Following several postponements of the closing, which postponements appear from the evidence to have been at the behest of *456 Picard, the sellers finally wrote a letter to Picard declaring the contract terminated and the $4,000 binder payment made by Picard to an involved real estate broker forfeited.
Picard filed suit in the Circuit Court seeking specific performance. Following final hearing the trial judge entered a final judgment finding that "the plaintiff has failed to establish by a preponderance of the evidence his right to specific performance of the contract * * * and that his prayer for such should not be granted and that his complaint should be dismissed." The trial judge, in the final judgment, also gratuitously recited that the defendants had failed to file a counterclaim for forfeiture of the $4,000 binder payment and that the entry of the final judgment was "without prejudice to the right of the defendants by proper proceeding to seek retention of said $4,000 earnest money and without prejudice to the right of the plaintiff to recover said $4,000."
From the above mentioned final judgment this appeal is taken.
Our review of the record before us and the briefs filed by able counsel for the respective parties reveals that the learned trial judge was imminently correct in denying specific performance. First, the evidence adduced was simply insufficient to sustain the plaintiff's claim for specific performance: Further, the contract (which the evidence reveals not to have been drafted by either of the attorneys involved) is so indefinite and ambiguous as to be incapable of being specifically performed by court order. (29A Fla.Jur., Specific Performance, § 37, et seq; Lasseter v. Dauer, Fla.App. 3rd 1968, 211 So.2d 584; Hart v. Freeman & Sons, Inc., Fla. App. 3rd 1969, 226 So.2d 708)
Accordingly, the final judgment appealed from is affirmed.
However, inasmuch as the trial judge, in the final judgment appealed, saw fit to refer to the $4,000 binder payment on four separate occasions, we feel justified (in an attempt to perhaps avoid further litigation between the parties and another appeal) to recite that in our opinion, based upon the record before us (which is represented to be the entire record in the cause) the circumstances are not such as to justify a forfeiture of the binder payment under the laws of the State of Florida.
In order to successfully invoke a forfeiture provision in a contract for the sale and purchase of real estate, the party seeking the forfeiture must (in the absence of a specific provision in the contract to the contrary) first prove strict compliance with those provisions of the contract required to be complied with by the party seeking the forfeiture, or else prove that such compliance has been either excused or prevented by the party against whom the forfeiture is sought. There must, of course, also be proof that the party against whom the forfeiture is sought has defaulted under the terms of the contract and that such default was neither excused nor caused by the party seeking to invoke the forfeiture provision. The evidence in the case sub judice clearly reveals that neither party complied with the provisions of the purchase and sell agreement. Further, just as the contract is so defective as to be incapable of being specifically performed, it is equally insufficient to constitute a basis for forfeiture.
We also gratuitously observe that under the facts revealed by the record in the case sub judice any claim for a forfeiture of the binder payment should have been by counterclaim which, under the Rules of Civil Procedure, would have been a mandatory counterclaim. (See Rule 1.170(a) RCP)
Affirmed.
SPECTOR, Acting C.J., and McCORD, J., concur.

ON REHEARING DENIED
PER CURIAM.
The appellees have filed a Petition for Rehearing criticizing our recitations in *457 the foregoing opinion regarding forfeiture of the binder payment. Although there was no specific point assigned incident to this appeal relating to forfeiture of binder payment, it was the final judgment which was appealed and, since the trial judge placed such emphasis on forfeiture of the binder payment by reference thereto on four different occasions such was essentially an issue requiring our attention in order that the final judgment appealed be properly reviewed. Accordingly, the Petition for Rehearing is denied by a majority of the Court.
SPECTOR, Acting C.J., and BOYER, J., concur.
McCORD, J., dissents.
McCORD, Judge (dissenting).
I would grant the petition for rehearing to the extent of striking from this court's opinion the gratuitous statements regarding disposition of the $4,000 binder since that was not an issue on appeal.