HERSEY, Judge.
This is an appeal from a final judgment rendered pursuant to a jury verdict finding for the defendant, Eldred Construction Corporation, appellee here.
The action was initiated by plaintiffs to recover an earnest money deposit paid to the defendant simultaneously with the execution of a written agreement for the purchase and sale of real property. That agreement contained the usual language permitting the seller to retain the earnest money deposit as liquidated damages in the event that the purchasers failed to consummate the transaction upon the terms set out in the agreement. The record discloses substantial, competent evidence to support the jury verdict and, under well established principles, this Court may not re-evaluate the evidence and substitute its judgment for that of the jury. Helman v. Seaboard Coastline Railroad Co., 349 So.2d 1187 (Fla.1977). Accordingly, no useful purpose would be served by reviewing the parties version of the factual background. The jury’s verdict contains the necessary implication that appellants breached the contract by refusing to close the transaction within a reasonable time. The jury apparently found, and the record substantiates that finding, that appellants permitted a sufficient period of time to elapse to justify the inference that they abandoned the contract. Cox v. Grose, 97 Fla. 848, 122 So. 513 (1929). Such an abandonment obviously constitutes a breach of the contract. Also necessarily included by implication in the jury’s verdict is a finding that appellee proved strict compliance with the contract, or that such compliance had been excused or prevented by appellants. This is a sufficient basis for invoking the forfeiture provision provided for in the contract. Reider v. P-48, Inc., 362 So.2d 105 (Fla. 1st DCA 1978), citing Picard v. Burroughs, 304 So.2d 455 (Fla. 1st DCA 1974).
The record having disclosed competent substantial evidence to support the jury verdict, and no reversible error having been demonstrated with regard to the law applicable to the facts, the final judgment is affirmed.
AFFIRMED.
ANSTEAD and LETTS, JJ., concur.