LEHAN, Judge.
This is a suit brought by the purchasers under a real estate sales contract to recover from the sellers an earnest money deposit which was retained' by the sellers. The contemplated sale was not closed. Sellers had not obtained the title insurance binder required by the contract, and the purchasers were unable to pay the purchase price at closing.
The trial court, after a jury verdict was rendered favorable to the purchasers, entered a final judgment for the purchasers in the amount of the deposit and for attorney’s fees recoverable by the prevailing party pursuant to the contract. Sellers appeal, contending that the trial court erred in denying their motion for a directed verdict and that their failure to obtain a title insurance binder was waived by the purchasers’ failure to ask for the binder. We affirm and adopt the rationale of Picard v. Burroughs, 304 So.2d 455 (Fla. 1st DCA 1974), that
In order to successfully invoke a forfeiture provision in a contract for the sale and purchase of real estate, the party seeking the forfeiture must (in the absence of a specific provision in the contract to the contrary) first prove strict compliance with those provisions of the contract required to be complied with by the party seeking the forfeiture, or else prove that such compliance has been either excused or prevented by the party against whom the forfeiture is sought.
Id. at 456. Under the facts of this case the jury could have found that the sellers’ failure to obtain the title binder was not excused or prevented by the purchasers.
We find no merit in the other contentions of sellers.
Accordingly, we AFFIRM the judgment and the award of attorney’s fees.
OTT, C.J., and SCHEB, J., concur.