SCHOONOVER, Judge.
Appellant, Frank M. Williams, M.D., has appealed from a final judgment entered against him. The appellee, Dolphin Reef, Ltd., has cross-appealed. We find the trial court erred in failing to award attorney’s fees and court costs to the appellee, but affirm the judgment in all other respects.
This action arose out of certain contracts to purchase two condominium units in Pi-nellas County, Florida. After Dolphin Reef refused to cancel the contracts and return to Dr. Williams his deposits totaling $52,-500, Williams filed an action seeking declaratory relief and rescission of the contracts. Dolphin Reef counterclaimed, seeking to obtain the deposits as liquidated damages under the purchase agreements and to recover costs and attorney’s fees.
At the conclusion of a nonjury trial, a final judgment was entered which awarded the sum of $35,400 to Dolphin Reef and the balance of the funds on deposit to Dr. Williams. The court ordered each party to bear its own costs and attorney’s fees.
Dr. Williams filed a timely notice of appeal, claiming that the trial court erred in awarding $35,400 to Dolphin Reef. Dolphin Reef cross-appealed, claiming that the trial court erred in denying it the total amount deposited by Dr. Williams in addition to attorney’s fees and court costs.
Having reviewed the record, we find substantial competent evidence to support the judgment. This court may not re-evaluate the evidence and substitute its judgment for that of the trial. court. Guerrera v. Eldred Construction Corporation, 378 So.2d 327 (Fla. 4th DCA 1980).
Both contracts provided, however, that if the seller was the prevailing party in any litigation arising under the contracts, the purchaser would be liable for the seller’s reasonable attorney’s fees and costs. Therefore, the court erred in failing to enforce the contracts.
We reject appellant’s contention that the appellee was not the prevailing party because neither party fully prevailed on its claim. The fact that Dolphin Reef was allowed to retain even a portion of the total deposits is evidence that the trial court found appellant had not fulfilled his contractual obligation. Dolphin Reef, therefore, was the prevailing party, even though the amount recovered was less than the amount initially sought in the counterclaim. Peter Marich & Associates, Inc. v. Powell, 365 So.2d 754 (Fla. 2d DCA 1978). Accordingly, the trial court should have , awarded attorney’s fees and costs pursuant to the contract upon which Dolphin Reef counterclaimed and recovered. See Dynamic *642 Builders, Inc. v. Tull, 365 So.2d 1032 (Fla. 3d DCA 1979).
We, accordingly, reverse and remand for the award of costs and for the assessment of a reasonable attorney’s fee. We affirm the judgment in all other respects.
GRIMES, A.C.J., and OTT, J., concur.