PER CURIAM.
We reverse the final judgment entered in favor of the seller/builder/appellee Rene J. Leonard and remand with directions to enter judgment in favor of the buyer/appellant Oscar S. Rodriguez upon the following briefly stated analysis.
The contract between these parties contained seller’s express warranties that, at the time of closing, there would be no violations of the applicable building codes and the house would conform to the plans submitted and a condition that, prior to closing, the seller would provide an abstract showing title to the subject real property to be marketable. The overwhelming evidence discloses that, at the time the seller attempted to enforce closing, (1) building code violations existed (uncorrected code violations remained even at time of trial), (2) title was not marketable (among other things, the property was burdened with a restrictive covenant on which the seller failed to obtain a release), and (3) the house in question, as built, did not conform to the contract plans (for example, the kitchen was built 3.5 feet shorter than as depicted in the architectural drawings).
It was error, therefore, for the trial court to enter judgment for the seller forfeiting buyer’s deposit. See Reider v. P-48, Inc., 362 So.2d 105 (Fla. 1st DCA 1978) (trial court erred in finding purchasers breached contract by failing to close and in awarding seller deposit money as liquidated damages where seller did not strictly comply with its obligations under contract), cert. denied, 367 So.2d 1126 (Fla.1979); see also Picard v. Burroughs, 304 So.2d 455 (Fla. 1st DCA 1974) (forfeiture of binder payment not justified where record revealed that neither party strictly complied with provisions of contract), cert. denied, 315 So.2d 191 (Fla.1975). The trial court, in light of the foregoing circumstances, should have granted the buyer's counterclaim for rescission. See Reider.
On remand, Rodriguez will be entitled to a vendee’s lien on the property to satisfy the monies advanced by him pursuant to the contract. He will also be entitled to prejudgment interest. See Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985).
Reversed and remanded for further consistent proceedings.