496 So.2d 914 (1986)
Thomas and Virginia DANIELS, Appellants,
v.
ARTHUR JOHANNESSEN, INC., Appellee.
No. 85-949.
District Court of Appeal of Florida, Second District.
October 24, 1986.
*915 Patricia Fields Anderson of Rahdert, Anderson & Richardson, St. Petersburg, for appellants.
No Appearance for appellee.
FRANK, Judge.
Mr. and Mrs. Daniels have appealed from an order of the trial court denying their motion for attorney's fees and requiring each party to pay the other's costs. We reverse.
The Daniels contracted with Johannessen and others for the construction of a custom home in Pinellas County. Consistent with the contract, the Daniels gave Johannessen a deposit in excess of $25,000. The contract entitled the Daniels to the return of their deposit less "all costs relating to design, engineering, permits and surveys" if the parties could not agree on final plans and specifications or if the Daniels could not sell their Minnesota home.
The inevitable occurred: the Daniels were unable to sell their home and the parties reached no agreement on plans and specifications. Exercising their rights under the contract, the Daniels demanded the return of their deposit and an accounting of all amounts withheld by Johannessen. Johannessen offered to return approximately $5,700.
Dissatisfied with the settlement offer, the Daniels sued and Johannessen increased the offer to approximately $9,000.00, which was rejected. The jury found that the Daniels were entitled to receive approximately $15,000 of their deposit. The Daniels sought attorney's fees and costs, claiming that the following contract language justified such an award: "Should either party be forced to take legal action to force [sic] this agreement, the parties agree to pay a reasonable legal fee and court costs." The trial court declined to construe the contract provision or award the Daniels their attorney's fees, however, because in answer to a special interrogatory the jury found that Johannessen did not breach the contract. That finding was viewed by the trial court as a basis for denying the Daniels an award of attorney's fees. We disagree.
The Daniels were forced to initiate legal action to enforce that aspect of the agreement providing for the return of the entire deposit minus, of course, the specified deductions. It is evident that had the Daniels accepted the $9,000.00 offer of judgment and not pursued the litigation, they would have received some $6,000 less than the amount the jury ultimately awarded them. They prevailed in the lawsuit, however, and were entitled to an award of attorney's fees and costs notwithstanding the jury's finding that the defendants had not breached the contract. The trial court lacked discretion to refuse to enforce the attorney's fee clause. Blue Lakes Apartments v. George Gowing, Inc., 464 So.2d 705 (Fla. 4th DCA 1985); Brickell Bay Club Condominium Ass'n. v. Forte, 397 So.2d 959 (Fla. 3d DCA 1981), rev. denied, 408 So.2d 1092 (Fla. 1981). Notwithstanding that the Daniels did not recoup the entire deposit, they did recover more than they were offered. See Williams v. Dolphin Reef, Ltd., 455 So.2d 640 (Fla. 2d DCA 1984) (appellee was prevailing party and entitled to contractual attorney's fees even though recovery was less than sought in initial counterclaim).
Furthermore, the Daniels, as the "party recovering judgment" under section 57.041, Florida Statutes, were entitled to the payment of their costs by Johannesen as was ordered by the trial court. Error, however, occurred when the trial court also required the Daniels to pay Johannessen's costs. No basis exists for such an order.
Accordingly, we reverse the order under review and remand this cause to the trial court to strike the award of costs to Johannessen and to hold a hearing to determine *916 an appropriate attorney's fee for the Daniels.
SCHEB, A.C.J., and HALL, J., concur.