OWEN, WILLIAM C., Jr., (Retired) Associate Judge
dissenting, in part:
The written contract between the parties provided that in the event of litigation arising therefrom the prevailing party would be entitled to recover attorney’s fees and costs from the other. By post-judgment order the trial court found appellee builder to be the prevailing party and awarded it attorneys fees and costs. Although the correctness of that ruling is presented by appellants as an issue — described by the majority opinion as “the most troubling”— my colleagues have affirmed without reference to what I believe to be the applicable law,[1] and without recitation of what I believe to be the factual basis essential to a determination of who is the prevailing party-
The essential facts are set forth in the amended final judgment in detail, and, as stated by the majority, are supported by substantial competent evidence. The trial court found (1) appellants deposited with appellee $52,000 toward the purchase price and $5,877.45 for extras, a total of $57,-877.45, (2) appellants wrongfully breached the contract, (3) appellee was wrongfully retaining appellants’ deposit,[2] (4) appellee was entitled to recover from appellants its actual damages of $16,861 plus interest of $3,718.56, for a total of $20,579.56, and (5) appellee, after deducting its total damage award from the $57,877. $5 deposited by appellants, owed appellants $37,297.89 plus interest thereon of $8,228.01, for a total of $45,525.90[3] On these facts I think it manifest that it was appellants, notwithstanding their breach of the contract, who were the prevailing parties. They recovered from appellee their full deposit plus interest, less only appellee’s actual damages with interest, giving appellants a net recovery of $45,525.90.
This case can be stated in simple logic. After appellants breached the purchase agreement, appellee refused to return their deposit of $57,877.45. If Appellants had accepted that situation, the matter would *354 have been at an end and they would have sustained that loss. But, by bringing this action they recovered $45,525.90 more than if they had not brought the action. That result tells me that when the dust had settled appellants had prevailed, i.e., they had realized an affirmative judgment in their favor after appellee’s offsetting claims had been taken into consideration.
The majority opinion seems to hold, if not expressly at least by implication, that in contract cases a breach by one party ipso facto causes the other party to be the prevailing party if litigation ensues. If that is intended as this court’s holding, then there is conflict with Casavan v. Land O’ Lakes Realty, Inc., 542 So.2d 371 (Fla. 5th DCA 1989), which held that the party who recovers the larger portion of a sum in dispute is the prevailing party for purposes of an attorney’s fee award, even though that party was found to have breached the contract. While language in Williams v. Dolphin Reef, Ltd., 455 So.2d 640 (Fla. 2d DCA 1984), relied upon by appellee, does imply that Dolphin Reef was the prevailing party because the other party had breached the contract, the facts show that Dolphin Reef was the prevailing party because it was entitled to retain a larger portion of the funds deposited with it than it was required to return to the other party.
It seems to me that both the trial court and this court have reached a result based on equitable considerations rather than on established law. I would reverse the post judgment order which awarded attorney’s fees and costs to appellee as the prevailing party, and would direct that on remand attorney’s fees and costs be awarded to appellants as the prevailing party. No error has been demonstrated as to the judgment itself and as to that I join in the affirmance.

.The majority opinion relies solely on authority which stands for the proposition that there can be only one prevailing party for attorney's fees purposes. The issue here is not whether both parties can prevail, but rather who is the prevailing party. On that issue there is a substantial body of law holding, both in cases involving contract actions (see e.g., Fixel Enter., Inc. v. Theis, 524 So.2d 1015 (Fla.1988); Casavan v. Land O’Lakes Realty, Inc., 542 So.2d 371 (Fla. 5th DCA 1989); Daniels v. Arthur Johannessen, Inc., 496 So.2d 914 (Fla. 2d DCA 1986); Malagon v. Solari, 566 So.2d 352 (Fla. 4th DCA 1990) and those involving statutory mechanic’s lien foreclosures; (see, e.g., Peter Marich and Assoc. Inc. v. Powell, 365 So.2d 754 (Fla. 2d DCA 1978); Foxbilt Elec. Inc. v. Belefant, 280 So.2d 28 (Fla. 4th DCA 1973); Sharpe v. Ceco Corp., 242 So.2d 464 (Fla. 3d DCA 1970), that the prevailing party is the one in whose favor an affirmative judgment is rendered, although in mechanic's lien foreclosures (but not in contracts actions) the recovery must have been in an amount exceeding that which was earlier offered in settlement of the claim. C.U. Assoc., Inc. v. R.B. Groove Inc., 472 So.2d 1177 (Fla.1985).

. Although the majority opinion states, "In essence, the trial court found that the retention of the deposit by the builder-seller was not wrongful ...," the record indicates to the contrary. Appellants sought return of the deposited funds. Appellee asserted as an affirmative defense entitlement to the deposit as liquidated damages pursuant to the contract. Eleven months prior to the amended final judgment the trial court entered a partial summary judgment denying appellee’s claim to the appellant’s deposit as liquidated damages, and entered partial summary judgment on that claim in favor of appellants. The amended final judgment was consistent, ordering the deposit returned to appellants after deducting appellee’s damages with interest.

. Although the majority opinion implies that appellants’ net recovery came out of proceeds from the sale of the house, the obligation was that of appellee, and the escrowed fund (which was appellee’s money) was merely the logistical means by which the appellee's obligation was discharged.