PER CURIAM.
This is an appeal by plaintiff/buyers [Jorge Valdes and Cary Dorta] from an adverse final judgment in an action for the return of certain deposit monies paid on a contract to build and sell a house on which the plaintiffs declined to close. We affirm.
First, we conclude, contrary to the plaintiffs’ contention that the defendant/contractors [Munne Enterprises, Inc.] strictly complied with its obligations under the contract and was therefore entitled to retain the deposit monies as a forfeiture, as provided in the contract, when the plaintiffs declined to close, (a) A certificate of occupancy, as required by the contract, was obtained by the defendants prior to the scheduled closing. A certificate of completion for the pool area was not required by the contract, and therefore the failure to obtain one prior to closing was of no moment. In any event, this certificate was later obtained by the defendants, but the plaintiffs still refused to close when the defendants offered to extend the closing date; moreover, there is evidence at trial that the plaintiffs obstructed the defendants in securing this certificate prior to the scheduled closing date, (b) The plaintiffs were given appropriate credits on the proposed closing statement for the deposits made by the defendants — $22,000 on the original contract. The other $15,000 deposit was expended by the defendant, as orally agreed, as an add-on to build a fence around the house, and was not included in the original contract, (c) Finally, there is no merit to the claim that there were serious defects in the defendants’ workmanship. In re Hallmark Builders, Inc., 54 B.R. 292 (Bankr.M.D.Fla.1985); Guerrera v. Eldred Constr. Corp., 378 So.2d 327 (Fla. 4th DCA1980); Picard v. Burroughs, 304 So.2d 455, 456 (Fla. 1st DCA1974), cert. denied, 315 So.2d 191 (Fla.1975); Beefy Trail, Inc. v. Beefy King Int’l, Inc., 267 So.2d 853, 857-58 (Fla. 4th DCA1972).
Second, the balance of the plaintiffs’ contentions present no reversible error and require no extensive discussion, (a) The contractual forfeiture provision was not, as urged, unconscionable, (b) There was no inconsistency in the jury’s verdict with regard to the amount of the deposit and the verdict for the defendants, (c) The eviden-tiary error complained of was at worst a harmless error, (d) The contract was not void for lack of mutuality of remedy, (e) No claim was made out against the subsequent buyer of the house, (f) The jury instruction point has no merit. See § 59.-041, Fla.Stat. (1991); Sweet Paper Sales Corp. v. Feldman, 603 So.2d 109 (Fla. 3d DCA 1992); Vienneau v. Metropolitan Life Ins. Co., 548 So.2d 856, 859 (Fla. 4th DCA 1989); Johnson v. Wortzel, 517 So.2d 42, 43 (Fla. 3d DCA 1987), rev. denied, 528 So.2d 1184 (Fla.1988); Jay Vee Realty Corp. v. Jaymar Acres Inc., 436 So.2d 1053 (Fla. 4th DCA 1983); Reliable Servs., Inc. v. Taft, 247 So.2d 97 (Fla. 3d DCA 1971).
Affirmed.