397 So.2d 985 (1981)
Mabel V. BALDWIN, Individually and As Personal Representative of the Estate of Opal I. Bradshaw, Deceased, Appellants,
v.
Joan LEWIS, Appellee.
No. 80-2522.
District Court of Appeal of Florida, Third District.
April 21, 1981.
Rehearing Denied May 27, 1981.
*986 Byrd V. Duke, Jr. and Lucille V. Coughlin, North Miami, for appellants.
George E. McCarthy, Melbourne, for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.
NESBITT, Judge.
This appeal presents the question of whether the failure of the clerk of the court to furnish a copy of a creditor's claim to a personal representative afforded the personal representative "good cause" to extend the time for the filing of an otherwise untimely objection to the claim. We answer this question in the affirmative and reverse the order which denied such a petition to extend the time.
From the denial of its petition to extend the time for filing an objection, the personal representative has perfected an interlocutory appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) on the theory that the order determined liability in favor of the creditor. Our threshold inquiry is to determine if we have jurisdiction to review it as an interlocutory order.
In the administration of the estate of a decedent or a ward, a series of proceedings and consequent orders may occur and, unlike an ordinary civil action, there is no terminal order analogous to a final judgment that affords complete relief and terminates the proceeding. Pursuant to Florida Rule of Probate and Guardianship Procedure 5.100, orders entered in probate are considered final for the purposes of appeal where they determine the rights of a party in a particular proceeding.
Under the Florida Probate Code of 1933 as amended, and the practice thereunder, an order sustaining an objection (thereby requiring the claimant to timely file an independent action) was considered final and appealable, Smoak v. Graham, 167 So.2d 559 *987 (Fla. 1964); as was an order granting an extension of time in which to file objections, Sutton v. Stear, 264 So.2d 838 (Fla. 1972). It was likewise settled that where a personal representative failed to file objections to a timely presented claim (whether or not meritorious), and no extension of time was granted in which to file, the probate court was without authority to reject the claim or determine its validity. Goggin v. Shanley, 81 So.2d 728 (Fla. 1955).
The effect the change in the Florida Probate Code of 1976 has made on this aspect of the non-claims statute and on other ancillary provisions has only been to reduce the time allowed for performing various acts. Therefore, the 1976 Code should receive a construction similar to that given the former code.
When a petition to extend the time for objecting to a claim is properly denied by the probate court, the only judicial labor left to be performed is to determine the relative priority of creditors' claims pursuant to Section 733.707, Florida Statutes (1979).[1] Hence, the order appealed from sufficiently determined the rights of the parties so as to support an appeal filed pursuant to Florida Rule of Appellate Procedure 9.110. We therefore elect to treat the interlocutory appeal as a plenary appeal pursuant to Florida Rule of Appellate Procedure 9.040(c). We now address the merits of the appeal.
Factually, it appears that the decedent died testate on April 7, 1980. Her last will and testament was admitted to probate and letters of administration were issued on April 10, 1980. Notice of administration was commenced by first publication on April 11, 1980. On July 3, 1980, the creditor, appellee herein, filed a statement of claim with the clerk of the court. The clerk's notation on the original statement of claim filed in the estate proceeding as required by Florida Rule of Probate and Guardianship Procedure 5.490 provided:
Copy mailed to attorney for the personal representative on 7/8/80. CLERK OF THE CIRCUIT COURT. By A. Lewis. [emphasis supplied]
Florida Rule of Probate and Guardianship Procedure 5.490 is reinforced by Section 733.703, Florida Statutes (1979), which plainly requires the clerk of the court to furnish a copy of the statement of claim to the personal representative and note the fact on the original. The clerk's notation demonstrates his non-compliance with the statute. The clerk has no duty to furnish a copy of the claim to the personal representative's attorney. Sessoms v. Johnson, 378 So.2d 1260 (Fla. 5th DCA 1979). As one might expect, neither the personal representative nor any other interested party filed a written objection to the claim within four months from the first publication of notice of administration as required by Section 733.705(2), Florida Statutes (1979).
On September 2, 1980, the personal representative filed with the clerk and served upon the creditor's attorney a petition to extend the time in which to object to the claim based upon the foregoing facts. The petition was supported by affidavits from both the personal representative and the attorney of record that neither of them had received a copy of the creditor's claim. Upon these facts, the probate court found that the personal representative had failed to demonstrate good cause as required by Section 733.705(3), Florida Statutes (1979) so as to warrant the extension of time to object to the claim.
It is well settled that a probate court may, upon a showing of good cause, extend the time for filing objections after expiration of the allotted time. Atlantic Nat. Bank of Jacksonville v. Kirkwood, 152 Fla. 59, 10 So.2d 743 (1942). It is within the discretion of the probate court to determine what constitutes "good cause." In Re Jeffries' Estate, 136 Fla. 410, 181 So. 833 *988 (1938). The probate court's exercise of discretion will be sustained unless it is unreasonable in character or arbitrary. Smoak v. Graham, supra. It has also been held that the failure of a personal representative to object to a creditor's claim "for some reason" does not constitute good cause. Ellard v. Godwin, 77 So.2d 617 (Fla. 1955). A creditor must strictly comply with the various provisions of a non-claims statute or the claim will be barred. Davis v. Evans, 132 So.2d 476 (Fla.1st DCA), cert. denied, 136 So.2d 348 (Fla. 1961). As in the instant case, the latter rule redounds to the benefit of the estate under the facts presented.
The statutory mode of providing the personal representative with notice of a creditor's claim is plainly set forth in Section 733.703, supra, and in Florida Rule of Probate and Guardianship Procedure 5.490. When the statutory mode of affording notice is complied with, it creates presumptive notice to the recipient.
It has previously been recognized that the failure of the clerk to notify a creditor-caveator regarding issuance of letters of administration would excuse that creditor from the filing of a timely claim. Gomez v. Jackson Memorial Hospital, 309 So.2d 564 (Fla.3d DCA 1975); Lord v. Department of Health & Rehabilitative Services, 296 So.2d 561 (Fla.1st DCA 1974). Here, the failure of the clerk to furnish the personal representative with a copy of the creditor's claim was tantamount to no notice, and consequently, the personal representative demonstrated good cause so as to allow an extension of the time for filing an objection to the creditor's claim.
This case illustrates an existing archaic feature of the Florida Probate Code. The non-corporate personal representative who engages an attorney to represent him in the administration of a decedent's estate actually relies upon the knowledge, skills, and management of the attorney in the administration of a decedent's estate. An ordinary individual personal representative who receives a statement of claim, filed by a creditor, from the clerk automatically assumes that this is a courtesy notice and that his or her attorney has received a similar notice and will act accordingly. They often either deliberately or inadvertently do not forward the claim to their attorney's attention. It is apparent that the current mode of affording notice is simply out of step with reality. The greater portion of creditors' claims are filed by individuals and it is therefore proper for them to file an original and copy with the clerk. Since all personal representatives in Florida are required to be represented by a member of the Florida Bar unless the personal representative is the sole interested party within the meaning of State ex rel. Falkner v. Blanton, 297 So.2d 825 (Fla. 1974), the Code should provide that the clerk mail a copy of the statement of claim to the attorney of record except in rare instances where an attorney is not required or where there is no current attorney of record. We consider it within the proper ambit of our responsibility to respectfully suggest that the Florida Legislature remedy the problem by appropriate legislative action. We suggest, without deciding, that this is a legislative prerogative out of recognition that non-claims statutes and ancillary provisions constitute an abridgment of substantive rights.
For the foregoing reasons, the order denying the personal representative's petition to extend the time for the filing of an objection to the claim is reversed with directions to grant the petition and afford the personal representative a reasonable time in which to file and serve such objection.
Reversed and remanded.
NOTES
[1] Priority is determined after payment or settlement of all expenses and costs of administration. A petition to compel payment must be filed not later than one year after filing the claim or the claim will be barred. § 733.709, Fla. Stat. (1979). Following the payment of costs of administration and expenses, the court will then order either full or pro-rata payment of the creditor's claims according to the circumstances of the case.