651 So.2d 787 (1995)
Hector J. ROSSO, Daphne K. Rosso and Phillip J. Rosso, Appellants,
v.
GOLDEN SURF TOWERS CONDOMINIUM ASSOCIATION and Max Garlin, Appellees.
No. 94-0977.
District Court of Appeal of Florida, Fourth District.
March 8, 1995.
Hector J. Rosso, pro se.
*788 Jonathan J. Davis, Deborah C. Poore and Deborah Knight of Walton Lantaff Schroeder & Carson, Fort Lauderdale, and Scott A. Silver of David & Wood, P.A., West Palm Beach, for appellees.

ON MOTION FOR REHEARING
PARIENTE, Judge.
Appellants have correctly called our attention to a factual error contained in our previous opinion. While the error does not change the result, and we otherwise deny rehearing, we withdraw our previous opinion and substitute the following opinion to correct the error.
This appeal, involving claims and counterclaims, arises from a dispute between a condominium association and one of the condominium unit owners regarding license fees charged for the owner's exclusive use of a dock owned by the association. While we affirm summary judgment on three counts and final judgment of dismissal on two counts in favor of the association on the owner's five-count complaint, the existence of material issues of fact precludes the entry of summary judgment on the association's counterclaim for unpaid license fees.
The following material facts are undisputed. Hector Rosso (Rosso) and his wife, Daphne Rosso, own a condominium unit in the Golden Surf Towers Condominium, a development with 170 units in Hallandale, Florida. The condominium association, subsequent to its formation, acquired nearby dock space for use by its members. In September 1990, Rosso brought his 47-foot sailboat to the property and moored the boat at the dock. Dock space was limited. At that time, the association informed Rosso that there was a monthly charge of $2.00 per linear foot for the exclusive use of the dock space. Rosso paid this monthly fee between September 1990 and June 1991. After being informed that the monthly fee was to be increased to $3.00, Rosso stopped paying the fee. The association did not collect any further fees between June 1991 and September 30, 1992, when the sailboat was removed from the dock pursuant to a preliminary injunction issued by the trial court. The preliminary injunction was affirmed by this court in Rosso v. Golden Surf Towers Condominium, 623 So.2d 507 (Fla. 4th DCA 1993).
Rosso maintains that he properly refused to pay any monthly fee because no fee for the use of common elements was permitted under the Condominium Act. Ch. 718, Fla. Stat. (1993). We disagree. Subsection 718.111(4), entitled Assessments; Management of Common Elements, expressly provides:
The association has the power to make and collect assessments and to lease, maintain, repair, and replace the common elements; however, the association may not charge a use fee against a unit owner for use of the common elements or association property unless otherwise provided for in the declaration of condominium or by a majority vote of the association or unless the charges relate to expenses incurred by an owner having exclusive use of the common elements or association property.
We reject Rosso's contention that this section applies only to limited common elements. See § 718.103(16), Fla. Stat. (1993). Both parties agree the dock was a common element. Pursuant to subsection 718.111(4), the association had the power to lease its common elements and to charge a fee for the exclusive use. However, to properly exercise that power, the association must have complied with at least one of the three requirements of the subsection: including a provision for the exclusive use fee in the declaration of condominium; obtaining approval for the exclusive use fee by majority vote of the association membership; or demonstrating that the fee charged related to expenses incurred.
Although Rosso challenged the legality of the association assessing any fee, he is correct only to the extent that no fee could be legally assessed unless the association complied with the requirement of subsection 718.111(4) and its own bylaws. The association does not contend that the use fee was approved by majority vote or was otherwise provided for in the declaration of condominium; nor does the record contain any evidence substantiating that the use fee of $3.00 per linear foot per month charged by the *789 association for the exclusive use of the dock space was related to "expenses incurred by an owner having exclusive use of the common elements or association property." Accordingly, an issue of material fact remains as to whether the association's use fee satisfies the requirements of section 718.111(4), precluding the entry of summary judgment on the claim for unpaid license fees.
In addition, although the association was entitled to charge a fee for the exclusive use of the dock space by the Rossos, the method employed in charging the fee must also comply with the association's own bylaws. The association's 1989 bylaws provide, in pertinent part:
As provided in Section 718.111(4) (1987) of the [Condominium] Act which states, no fee shall be charged for temporary use of such docks by an owner. If any owner wishes to use the docks for other than temporary use, the Board shall provide by rule or regulation the conditions, periods, charges, and other terms for leasing dock space to the owners. Any use shall not be considered temporary if a boat is docked during any portion of the day for more than six (6) consecutive hours.
By this language, the bylaws indicate that the rules and regulations governing Rosso's use or leasing of the dock space would be enacted by the association's board of directors. However, the record does not disclose affirmatively whether rules and regulations governing the use of the dock space were ever enacted. Thus, an issue of fact arises as to whether the board of directors has, in fact, properly promulgated rules and regulations regarding the leasing of dock space in accordance with the association bylaws.
On the second count of the association's counterclaim, seeking a permanent injunction to remove the sailboat, we affirm the entry of summary judgment. The association had the right to regulate the use of its common elements and to prevent the exclusive use of its common elements where no fee was collected.
Because we have reversed summary judgment as to the association's counterclaim for damages, we also set aside the trial court's order regarding the award of attorney's fees. While the association is the prevailing party as to Rosso's complaint and the second count of its counterclaim, only two of the five counts in Rosso's complaint would entitle the association to attorney's fees under section 718.303, Florida Statutes (1993), and no determination has yet been made as to which party will prevail on the counterclaim for damages. Since courts of this state have applied the net judgment rule to determine which party may be deemed the prevailing party for purposes of assessing attorney's fees, see Prosperi v. Code, Inc., 626 So.2d 1360 (Fla. 1993), Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla. 1992), determination of entitlement and award of attorney's fees in this case properly awaits resolution of the remaining issue of damages on remand.
WARNER and STEVENSON, JJ., concur.