711 So.2d 1298 (1998)
Hector J. ROSSO, Appellant,
v.
GOLDEN SURF TOWERS CONDOMINIUM ASSOCIATION, Appellee.
No. 97-2750.
District Court of Appeal of Florida, Fourth District.
May 27, 1998.
Rehearing Denied July 6, 1998.
*1299 Hector J. Rosso, Hallandale, Appellant pro se.
Mitchell L. Feldman of Davis, Silver & Levy, West Palm Beach, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
In this sequel to Rosso v. Golden Surf Towers Condominium Ass'n, 651 So.2d 787 (Fla. 4th DCA 1995), Mr. Rosso seeks review of an order denying his Rule 1.540 motion to vacate. We reverse.
We start with a brief history of the case. On March 22, 1994, a Final Summary Judgment was entered permanently enjoining appellant from docking his boat at appellee's docks. The injunction contained provisions for its enforcement. Mr. Rosso appealed. This court affirmed the permanent injunction, but reversed the damage award and remanded for further proceedings with respect to appellee's claim for damages. Rosso v. Golden Surf Towers Condominium Ass'n, 651 So.2d 787 (Fla. 4th DCA 1995).
On January 27, 1997, Mr. Rosso and appellee signed a written stipulation stating "that this cause having been amicably settled, the same be dismissed with prejudice." Pursuant thereto the trial court entered its order on February 5, 1997, dismissing this cause "with prejudice." Neither the stipulation nor the order stated the basis or terms of the settlement, nor whether the dismissal was intended only as to the remaining issues or was as to the entire case, including the injunction. That there is a disagreement on this latter issue is an understatement.
On March 3, 1997, less than four weeks after the case was dismissed with prejudice, appellee filed its motion for enforcement of the injunction. The motion alleged that when appellee attempted to enforce the permanent injunction with the help of the sheriff, appellant displayed the Order of Dismissal to the sheriff who was thereby caused to desist from efforts at enforcement. A hearing on that motion was held on March 4, which Mr. Rosso attended. Though we were not provided a transcript of that hearing, it appears largely unrefuted that (a) appellant argued his position that the order of dismissal entered February 5 terminated not only the case but also the injunction as well, (b) the court, at the conclusion of the hearing, made known to the parties its intention to recognize the injunction as being in full force and effect and to enforce it, (c) appellant left the hearing without waiting for a copy of the court's written order, and (d) no copy of the court's written order was served on appellant until April 18, 1997, when he received a copy from appellee's counsel.
On June 30, 1997, appellant filed three verified motions: (1) a motion to vacate the order of March 4, 1997, alleging he did not receive a copy of the order until April 18, 1997, too late to allow him to file an appeal; (2) a motion to dissolve the injunction; and (3) a motion to vacate the order of February 5, 1997, alleging that the stipulation and order of dismissal were the result of misrepresentation or other misconduct on the part of appellee's counsel. Appellee's unverified response to appellant's motions castigated them as frivolous, baseless and without merit, but did not dispute the delayed service of the March 4 order on appellant. After a hearing on July 7, 1997, the trial court entered its order denying appellant's motions.
*1300 That is the only order properly before us for review.
Appellant argues three points in his brief, but we address only the one that arises out of the order appealed, i.e., his assertion that because he was not served with a copy of the trial court's March 4 order, as directed by Florida Rule of Civil Procedure 1.080(h)(1),[1] he is entitled to relief from judgment under Florida Rule of Civil Procedure 1.540.[2]
The trial court has broad judicial discretion in ruling on a motion to vacate under Rule 1.540(b). On the basis of established precedent and the unrefuted factual allegations of appellant's motion, we conclude that the court abused its discretion in denying appellant's motion to vacate. The factual situation here is much like that in Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980), (where, after a trial court announced its ruling for plaintiff, signed an order but failed to mail any copies to the parties, and defendant's counsel learned of the entry of the order too late to appeal, order denying motion to vacate was held to be an abuse of discretion and case was remanded for entry of an order under Rule 1.540(b) to thereby give defendant time to file an appeal); Wechsler v. Wechsler, 436 So.2d 1090 (Fla. 3d DCA 1983), (where a wife's attorney concededly not served with an order denying exceptions to a general master's report as required by the rule, denial of a motion for relief from judgment reversed for new order to permit the wife to appeal); and Spanish Oaks Condominium Ass'n, Inc. v. Compson of Florida, Inc., 453 So.2d 838 (Fla. 4th DCA 1984), (where it was uncontradicted from a verified motion that the appellant's counsel did not receive a conformed copy of the final order and he did not know of its entry until a phone conversation with opposing counsel about six weeks later, trial court should have vacated order in absence of anything in the record to rebut the motion).
Appellant's other two points, in which he asserts that dismissal of the action left no injunction to enforce, and that a court does not have the power to issue a mandatory perpetual injunction, are not properly before us on this appeal from the order of July 7.
REVERSED AND REMANDED
DELL and GROSS, JJ., concur.
NOTES
[1] Rule 1.080(h) provides in part:

(1) A copy of all orders or judgments shall be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment...
...
(3) This subdivision is directory and a failure to comply with it does not affect the order or judgment or its finality or any proceeding arising in the action.
The Committee Notes on the 1976 Amendment to subdivision (h)(1) state "... the rule now requires that conformed copies of any order entered by the court must be mailed to all parties of record in all instances ... for purposes of advising them of the date of the court's action as well as the substance of such action."
[2] Appellee's brief does not address this point nor any of the cases cited by appellant in support thereof.