SCHWARTZ, Chief Judge.
The plaintiff below, a Chilean seaman, appeals from the dismissal under the forum non conveniens doctrine of an action against his employer for personal injuries allegedly sustained while their vessel was under repair in Virginia. Even if, as the appellant argues, the action is properly maintainable under the Jones Act on the principle adopted in Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970) and Rojas v. Kloster Cruise, A/S, 550 So.2d 59 (Fla. 3d DCA 1989), review denied, 562 So.2d 346 (1990), the trial court correctly concluded that forum non conveniens is applicable to such an action in the Florida state courts, In re Air Crash Disaster Near New Orleans, La., 821 F.2d 1147 (5th Cir.1987), vacated on other grounds, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989); Armadora Naval Dominicana v. Garcia, 478 So.2d 873, 877 n. 6 (Fla. 3d DCA 1985); but cf. Szumlicz v. Norwegian America Line, Inc., 698 F.2d 1192 (11th Cir.1983), and did not abuse its discretion in finding that dismissal was appropriate in this particular instance. Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996); Resorts Int'l Inc. v. Spinola, 70S So.2d 629 (Fla. 3d DCA 1998); Armadora, 478 So.2d at 873.
Affirmed.