SHAHOOD, J.
Arna Cohen, as personal representative of the Estate of Sidney H. Cohen, appeals the order denying the estate’s request for extension of time to object to a creditor’s claim. We reverse.
Sidney H. Cohen died on January 26, 1997. Arna Cohen (“Cohen”), his surviving spouse, was appointed personal representative on May 27, 1997. On October 3, 1997, appellee, Majestic Distilling Company, Inc. (“Majestic”), filed a claim for $90,-000. The clerk of the circuit court failed to index, docket, record and file the claim. During that same period, other statements of claim had also been filed, and they were duly recorded and docketed. Among those were two $5,000,000 claims, one filed in October by Majestic, and the other filed by Victor Cohen, Majestic’s controlling stockholder.
Having received no response from the estate on its $90,000 claim, Majestic filed a complaint against the estate on January 4, 1999. On January 21, 1999, Cohen filed a petition for extension of time to object to Majestic’s $90,000 claim, alleging that she was unaware of the existence of the claim until the filing of the complaint. Prior to that time, neither Cohen nor her counsel, whose address was contained on all probate pleadings, had ever received a copy of the claim. Cohen’s counsel pointed out in the petition that, upon inquiring with the clerk’s office, he learned that notice of the two $5,000,000 claims had been mailed to him at an address which he had not used since August 31,1994.
On February 1,1999, apparently without a hearing, the trial court entered an order denying Cohen’s request to extend the time to object to the claim (“the February order”). The court did not make findings of fact. It is undisputed that copies of the February order were never mailed to the parties, and they were otherwise unaware that the order had been entered. Consequently, Cohen did not appeal the February order.
Thereafter, in March of that same year, Majestic filed a response to the petition for extension, and attached a copy of the Statement of Claim for $90,000. The copy contains a stamp from the clerk’s office indicating that it is a copy and that the original was received for filing on October 3, 1997. On October 13, 1999, following a hearing, the trial court entered a second *278 order denying the petition for extension (“the October order”). In the October order, in 'addition to making other findings, the court recognized that the $90,000 claim had been filed, but that the clerk had failed to index, docket, record, and file the claim in the public records. Nevertheless, the court, referring to the February order, stated, “[cjonsidering the Motion for Extension of Time and having ruled on a prior occasion, the Court finds no justification for spending the time and DENIES the request....” It is from the October order that Cohen appeals.
Initially, Majestic argues that we do not have jurisdiction because Cohen did not timely appeal the February order. Under the circumstances, this argument is without merit. Rule 1.080(h), Florida Rules of Civil Procedure, directs that “[a] copy of all orders or judgments shall be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment.” (emphasis added). This court has held that the trial court’s failure to comply with rule 1.080(h) constitutes grounds for the trial court to vacate the order and enter a new order providing for an avenue of appeal. See Rosso v. Golden Surf Towers Condominium Ass’n, 711 So.2d 1298 (Fla. 4th DCA 1998)(re-versing the denial of a motion to vacate an order, a copy of which was not properly served on the parties pursuant to rule 1.080(h)(1)); see also Spanish Oaks Condominium Ass’n v. Compson of Fla., Inc., 453 So.2d 838 (Fla. 4th DCA 1984)(revers-ing the denial of a verified motion to vacate order because appellant had not received a copy of the order pursuant to rule 1.080(h)(1)).
The facts in this case are somewhat different from those in Rosso and Spanish Oaks in the sense that after entry of the February order in this case, further proceedings followed, and the trial court ultimately entered a “second” final judgment from which Cohen timely appealed. No motion to vacate the February order was ever filed. Although it would have been preferable for the trial court to vacate the February order prior to the entry of' the October order and Cohen’s appeal, that course of action is not a viable option at this stage in the proceedings. In the interest of judicial economy, we, instead, vacate the February order without the necessity of remand, and treat Cohen’s appeal of the October order as timely in all respects. All issues pertaining to the denial of the petition for extension of time to object to the $90,000 claim are, therefore, properly before this court.
Turning to the merits of Cohen’s appeal, we also hold that it was error for the trial court to deny the estate’s petition for extension of time to file an objection to Majestic’s $90,000 claim. Section 733.705(2) states that, “[f]or good cause, the court may extend the time for filing an objection to any claim or may extend the time for serving the objection.” See also In re Estate of Sale, 227 So.2d 199 (Fla.1969)(the time limits for filing objections to claims against an estate and for filing actions upon any such claim are merely rules of judicial procedure and not statutes of non-claim! As such, the time limitations may be relaxed, within the sound discretion of the probate judge, even though the time limit may have expired prior to the filing of the motion for extension). The determination of whether good cause has been shown is a factual matter over which the probate court has broad discretion. See generally In re Estate of Herskowitz, 342 So.2d 530, 531 (Fla. 3d DCA 1977). The probate court’s ruling will be sustained unless- it is unreasonable or arbitrary. Smoak v. Graham, 167 So.2d 559 (Fla.1964).
In this case, Cohen, on behalf of the estate, sought an extension of time to file an objection based on the fact that the estate had no notice of the filing of the claim. It is undisputed that the clerk never properly recorded or docketed the claim when it was filed. In fact, the trial court acknowledged the clerk’s error in the October order. In addition, Majestic did not *279 serve a copy of the claim on either Cohen or her attorney. As a result, Cohen had no knowledge of the claim until suit was filed well after the deadline for objecting to the claim had expired. In fact, Cohen did not even see a copy of the claim until Majestic filed one along with its motion in opposition to the extension.
Probate rule 5.490(c) states that “[t]he clerk shall mail a copy of claims noting the fact and date of mailing on the original, to the attorney for the personal representative,” unless otherwise directed to mail such notice to the personal representative. In Baldwin v. Lewis, 397 So.2d 985 (Fla. 3d DCA 1981), the court addressed the same issue presented in this appeal, and held that the clerk of the court’s failure to furnish a copy of the creditor’s claim to the personal representative (as the rule directed at that time) constituted good cause to allow the personal representative an extension of time to file an otherwise untimely objection to the claim. Id. at 986, 988. The court held that the “failure of the clerk to furnish the personal representative with a copy of the creditor’s claim was tantamount to no notice.” Id.
Baldwin is applicable in this case, even though the notice requirements have been slightly modified. Here, no notice of__ the claim was given to the personal representative’s attorney, as the rule requires. Under these circumstances, it was a clear abuse of discretion for the trial court to deny the personal representative’s request for an extension of time to file an objection to the claim. Clerical errors less benign than the clerk’s error in this case, which resulted in a lack of notice, have been found to constitute good cause for extensions in probate cases. See generally Dohnal v. Syndicated Offices Sys., 529 So.2d 267 (Fla.1988)(finding good cause to justify an extension of time for a claimant to file suit on a claim where a computer error caused the delay in filing the action and the estate would not be prejudiced); Ricciardelli v. Faske, 505 So.2d 487 (Fla. 3d DCA), rev. denied, 515 So.2d 229 (Fla.l987)(finding good cause for extension of time to file suit on a claim where the law firm representing the claimant received a copy of the objection to the claim late, and a clerical error in the law firm’s office resulted in calendering the notices incorrectly).
On the facts presented here, we hold that the trial court’s February order is vacated, the October order is reversed, and the cause is remanded to allow Cohen to file an objection to Majestic’s $90,000 claim.
REVERSED AND REMANDED.
DELL and GUNTHER, JJ., concur.