SCHWARTZ, Chief Judge
(specially concurring).
I concur in the result and virtually all of the majority opinion. With respect to part IV, however, I think it sufficient to make it clear that, although Henry v. Windjammer Barefoot Cruises, 851 So.2d 731 (Fla. 8d DCA 2003) formally adopts Fantome, S.A. v. Frederick, 2003 WL 23009844 (11th Cir. January 24, 2003), the reasoning and outcome are also entirely correct under Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996). To my mind, while it is technically more accurate to specify, as in Guerra v. Selsdon Maritime Corp., 711 So.2d 1298 (Fla. 3d DCA 1998), review denied, 728 So.2d 202 (Fla.1998), that Florida rather than federal law applies, it is not necessary to belabor the issue because the applicable standards are indistinguishable. That this is the case is shown on the one hand, by our decision in Henry, which follows Fantome, and, on the other, by the now-numerous federal decisions which reach the same result we do here. See Bautista v. Cruise Ships Catering & Serv. Int’l, N.V., No. 04-10335, 120 F.Appx. 786- (11th Cir. September 16, 2004), aff'g Bautista v. Cruise Ship Catering & Serv. Int’l, N.V., No. 03-6016-CV-WPD (S.D.Fla. November 13, 2003); Estrada v. Cruise Ships Catering & Serv. Int’l, N.V., No. 03-60032 (November 30, 2004); Rey v. Cruise Ships Catering & Servs. Int’l, N.V., No. 03-60157 (November 24, 2004); Membreno v. Costa Crociere S.p.A., 347 F.Supp.2d 1289 (S.D.Fla.2004); Hernandez v. Cruise Ships Catering & Servs. Int’l, No. 03-20302 (S.D.Fla. December 8, 2003); Melbourne v. Auguar Montilla Int’l, Inc., No. 03-6220-CIV (October 5, 2004). But cf. Williams v. Cruise Ships Catering & Serv. Int’l, N.V., 320 F.Supp.2d 1347 (S.D.Fla.2004).