915 So.2d 746 (2005)
Rickey NEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3453.
District Court of Appeal of Florida, Fifth District.
December 9, 2005.
Ricky T. Neal, Sanderson, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Neal appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. It appears from this record that the order denying post-conviction relief was served on Neal on December 22, 2004. His motion for rehearing was not *747 filed under the mail box rule[1] until January 13, 2005. Because the motion for rehearing was filed more than fifteen days after service of the order, it was untimely and did not toll the time for taking an appeal. See generally, Fla. R.Crim. P. 3.850(g); Fla. R.App. P. 9.020(h); Alterisio v. State, 704 So.2d 164 (Fla. 5th DCA 1997). Neal's notice of appeal was not filed under the mail box rule until September 14, 2005, long after the running of the thirty days required for affording an appellate court jurisdiction over an appeal.[2]
Neal argues that the prison did not receive the order denying relief until January 3, 2005 and that he did not personally receive the order until January 4, 2005. However, this was still within the fifteen-day period for filing a motion for rehearing. If he received the order denying relief within the rehearing period, he had fifteen days from the date of service of the order to file a motion for rehearing, with an additional three days added because the order denying relief was served by mail. See Fla. R.Crim. P. 3.070. Because the order denying relief was served on Neal on December 22, 2004, Neal had eighteen days in which to place his motion for rehearing into the hands of prison officials or until January 9, 2005. Since January 9, 2005 fell on a Sunday, he had until January 10, 2005, Monday, to place his motion for rehearing into the hands of prison officials under the mail box rule. He missed this time deadline by three days.
Neal points to a handwritten note on the side of the order denying the 3.850 motion: "cc deft 12/28/04," followed by unidentified initials. He claims this shows that he was not served until December 28, 2004. However, the certificate of service prevails over a handwritten notation to establish the presumptive date of service. See Thompson v. State, 761 So.2d 324 (Fla.2000).
Accordingly, we dismiss this appeal for lack of jurisdiction without prejudice to Neal to seek a belated appeal in which he bears the burden of pleading and proving the order was not actually served on him until December 28, 2004. See Fla. R.App. P. 9.141(c).
DISMISSED.
THOMPSON and SAWAYA, JJ., concur.
NOTES
[1] See Haag v. State, 591 So.2d 614 (Fla. 1992).
[2] See Fla. R.Crim. P. 3.850(g); Fla. R.App. P. 9.140(b)(1)(D).