940 So.2d 605 (2006)
Joseph STANFORD, Appellant,
v.
Miriam STANFORD, Appellee.
No. 4D06-96.
District Court of Appeal of Florida, Fourth District.
November 1, 2006.
Richard G. Bartmon of the Law Offices of Bartmon & Bartmon, P.A., Boca Raton, for appellant.
Jan Peter Weiss, Lake Worth, for appellee.
*606 FARMER, J.
In a pretrial order allowing husband's lawyer to withdraw, the court gave husband 60 days to obtain new counsel. Exactly 28 days after that order, and within the 60-day period allowed for the appearance of new counsel, the trial judge inexplicably proceeded to try the case in the absence of the husband or his counsel, entering a final judgment of dissolution of marriageessentially by default. We reverse the trial judge's denial of the husband's later motion to vacate the final judgment.
We deem it a denial of due process to grant a litigant a specific period of time to obtain new counsel and then proceed to try the case before the afforded time has lapsed. So fundamental is the right of a litigant to rely on orders of the court, the refusal to vacate the judgment is a manifest abuse of discretion.
Reversed for new trial.
STONE and POLEN, JJ., concur.