PER CURIAM.
This is an appeal of a partial final judgment in an action for declaratory and other relief brought by the appellant owner of a condominium unit against the appellee condominium association and other defendants. Assuming for purposes of diseussion that there is no bar of res judicata or collateral estoppel against the appellant’s claim, we conclude that the condominium declaration expressly authorizes the rental of the docking facilities. As we view the matter, the condominium declaration conferred the right on Robert Madison Company, Inc. to be the initial manager of dock rentals, but upon expiration of that company’s management rights, the association was free to take over responsibility for management of those rentals itself. See Rosso v. Golden Surf Towers Condo. Assoc., 651 So.2d 787 (Fla. 4th DCA 1995). We reject appellant’s claim that there was any infirmity in the condominium declaration or any requirement- that upon the expiration of the rights of Robert Madison Company, Inc., that there be a further vote of the unit owners.
Affirmed.*

 The parties agree that the docking facilities are a common element. The condominium declaration states, in part:
b. It shall be the sole right and responsibility of Robert Madison Company, Inc., its successors or assigns to assign docking facilities in the common elements and common areas to such apartment owners as said corporation may in its discretion provide. Said docking facilities shall be rented to such apartment owners at a rental price not to exceed $1.50 per foot per month and all of the proceeds of such rentals shall be payable to the condominium association for its own use and benefit.
c. The Association shall employ Robert Madison Company, Inc. for the term of ten (10) years with option to renew said employment for the purpose of managing and maintaining the common elements and areas as heretofore provided in this paragraph 5.3.