PLEUS, J.
Enrique Penate seeks second-tier certio-rari review of a circuit court’s decision, entered while sitting in its appellate capacity, which dismissed his appeal for lack of jurisdiction. Because the petition to this Court was untimely filed, we lack jurisdiction, and the petition must be dismissed.
The circuit court’s opinion was rendered May 30, 2007. The certiorari petition to this Court was not filed until July 19, 2007. Florida Rule of Appellate Procedure 9.100(c)(1) requires the petition to be filed within 30 days from the date of rendition.
Petitioner argues that although the circuit court’s opinion was rendered on May 30, 2007, the circuit court did not mail the court’s opinion to Petitioner until the mandate was issued June 20, 2007. Petitioner supports his ai'gument by noting that the opinion itself does not include a “certificate of mailing.” We accept as true that the petitioner did not receive the circuit court’s opinion until June 23, 2007.
Even if this Court accepts the assertions of Petitioner as to the time line, the instant petition must be dismissed with prejudice. Petitioner acknowledges receipt of the circuit court’s appellate opinion on June 23, 2007, which was the 24th day after rendition of the circuit court’s appellate opinion. Petitioner argues that this late receipt of the circuit court appellate opinion did not provide him with “fan- or adequate time to prepare a Writ ... within the jurisdictional time.” There was, however, sufficient time within which to file a timely (albeit “bare bones”) petition for writ of certiora-ri, while requesting an immediate extension of time from this Court within which to amend his petition based on the circumstances surrounding his receipt of the opinion. While not an ideal scenario, Petitioner clearly had sufficient time to file the instant petition within 30 days from the rendition of the opinion.
This Court has required a similar standard from pro se litigants. In Neal v. State, 915 So.2d 746 (Fla. 5th DCA 2005), this Court dismissed the appellant’s rule 3.850 appeal as untimely because the ap *365 pellant had failed to file a timely motion for rehearing in the lower court, thus, his time for filing a notice of appeal was not tolled. This Court noted the appellant’s argument in Neal, that he did not receive the trial court’s order until there were only six days (of the normal 15 days) remaining to file the motion for rehearing. This Court stated in response to the appellant’s argument that even though the order may have been received late, it “was still within the fifteen-day period for filing a motion for rehearing.” Id. at 747. Accordingly, this Court dismissed Neal’s appeal.
We have considered Cohen v. Majestic Distilling Co., Inc., 765 So.2d 276 (Fla. 4th DCA 2000), and find the opinion in Cohen demonstrates that the appellant never received a copy of the relevant order in those proceedings and therefore could not file a timely notice of appeal. See id. at 277-278. Conversely, in the instant case, not only did Petitioner receive a copy of the circuit court’s opinion, he received it within a sufficient period of time to file a timely petition for writ of certiorari.
For the foregoing reasons, the petition is dismissed with prejudice.
DISMISSED.
LAWSON and EVANDER, JJ., concur.