WARNER, J.
Adriana Bonilla and John Moreno appeal from the denial of a motion to vacate a final judgment of foreclosure. They claim that the trial court entered final summary judgment without affording them proper notice of the proceedings after their counsel withdrew. Because we agree that they have shown surprise, we reverse.
Bank United filed a motion to foreclose residential property of Bonilla and Moreno. Bonilla and Moreno’s lawyer filed an Amended Answer, Affirmative Defenses and a Counterclaim. The bank then filed a motion for summary judgment, although it did not address the counterclaims or affirmative defenses. On April 1, 2011, it noticed the motion for hearing on April 26. The lawyer for the defendants filed a motion to withdraw on April 19, which was granted by the court on April 21. The order granting the motion to withdraw specifically allowed the defendants “thirty (30) days from the date hereof to retain new counsel, or indicate that they will proceed pro se in this matter.” Five days later, on April 26, the trial court entered a Final Judgment of Foreclosure in favor -of the bank. Within the time for filing a motion for rehearing, the pro se defendants filed an objection to the motion for summary judgment, motion to vacate, and motion for rehearing on the grounds that (1) they were not timely notified of the summary judgment proceeding and had been granted thirty days to obtain new counsel; and, (2) the affirmative defenses and counterclaims had not been conclusively refuted in any affidavits. There does not appear to have been a ruling on this motion. Defendants, through counsel, filed an amended motion to vacate pursuant to Florida Rule of Civil Procedure 1.540(b) alleging essentially the same grounds and claiming unfair surprise. The court denied the motion.[1]
A trial court’s ruling on a motion to vacate under rule 1.540 is reviewed for *1105 abuse of discretion. Rosso v. Golden Surf Towers Condo. Ass’n, 711 So.2d 1298, 1300 (Fla. 4th DCA 1998). Bonilla and Moreno argue that the trial court erred in denying their motion to vacate the final judgment of foreclosure because they were denied due process when on April 21, they were given thirty days to obtain new counsel or to act pro se, but the trial court nevertheless entered Final Summary Judgment after only five days, on April 26.
Rule 1.540(b) allows for vacation of an order based on “surprise.” We think it is safe to say that where the court permits withdrawal and permits a pro se defendant thirty days to secure new counsel, it would be assumed by anyone that the court would not take action to conclude the case in those thirty days, as the court did in this case. As we stated in Stanford v. Stanford, 940 So.2d 605, 606 (Fla. 4th DCA 2006):
We deem it a denial of due process to grant a litigant a specific period of time to obtain new counsel and then proceed to try the case before the afforded time has lapsed. So fundamental is the right of a litigant to rely on orders of the court, the refusal to vacate the judgment is a manifest abuse of discretion.
While Stanford involved a direct appeal of a final judgment, this conduct can only be termed unfair surprise equally sufficient to secure relief from the final judgment based upon rule 1.540(b).

Reversed.

STEVENSON and CONNER, JJ., concur.

. Although it appears that the timely-filed motion for rehearing should have postponed rendition of the final judgment, from the pleading filed by counsel pursuing relief pursuant to Rule 1.540(b), appellants do not argue that the judgment was not final; thus, we conclude that they have abandoned the motion for rehearing.